Mwati P. McKENZIE, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A05–629.

Supreme Court of Minnesota.

Dec. 29, 2005.

Rehearing Denied March 7, 2006.

Mwati P. Mckenzie, Bayport, MN, pro se Appellant.

Mike Hatch, Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

ANDERSON, G. BARRY, Justice.

In October 1993, a jury convicted petitioner-appellant, Mwati Pepi Mckenzie, of first-degree murder for the killing of Minneapolis police officer, Jerry Haaf. This court affirmed Mckenzie's conviction on direct appeal. *State v. McKenzie*, 532 N.W.2d 210, 223 (Minn.1995). Subsequently, Mckenzie filed three unsuccessful petitions for postconviction relief, two of which were appealed to this court. *See Mckenzie v. State*, 687 N.W.2d 902 (Minn. 2004); *McKenzie v. State*, 583 N.W.2d 744 (Minn.1998).

On December 23, 2004, Mckenzie filed his fourth petition for postconviction relief, arguing that the Hennepin County grand jury selection procedures systemically excluded African–Americans, and therefore violated his equal protection rights. Further, he claimed that his counsel's failure to inform him of the unconstitutionality of the grand jury selection procedures denied him his right to effective assistance of counsel. Mckenzie additionally claimed that his trial counsel was ineffective for failing to respond to two jury notes sent to the trial judge during jury deliberation. Mckenzie further requested the postconviction court to appoint counsel to represent him at an evidentiary hearing and to remove the prosecuting attorney.

On February 22, 2005, the postconviction court denied Mckenzie's petition without a hearing, stating Mckenzie had raised, or could have raised, the claims he made in the petition on direct appeal or in his prior postconviction petitions. The court additionally noted that this court had concluded in *State v. Roan*, 532 N.W.2d 563 (Minn.1995), that the Hennepin County jury selection process was constitutional.

Mckenzie appeals, arguing the court erroneously denied his petition for postconviction relief without an evidentiary hearing. We affirm.

In Minnesota, a postconviction court may deny a petition for postconviction relief without a hearing if the petition "conclusively show[s] that the petitioner is not entitled to relief" and a reviewing court will reverse a postconviction court's findings only if the findings constituted an abuse of discretion by the postconviction court. *Ives v. State*, 655 N.W.2d 633, 635 (Minn.2003).

In *Knaffla*, this court held that, in reviewing a petition for postconviction relief, a postconviction court would not consider any issues that were raised by petitioner on direct appeal or known by the petitioner and not raised. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). This rule also applies if the petitioner should have known about the issue at the time of appeal. *Boitnott v. State*, 640 N.W.2d 626, 630 (Minn.2002). A postconviction court, however, may hear previously known or considered claims if (1) a claim is so novel that the legal basis was not available on direct appeal or (2) fairness requires and the petitioner did not "deliberately and inexcusably" fail to raise the issue on appeal. *Carney v. State*, 692 N.W.2d 888, 891 (Minn.2005).

First, Mckenzie could have raised the claim that the Hennepin County grand jury selection procedures systemically excluded African–Americans in his direct appeal or in his previous postconviction petitions. As the postconviction court correctly observed, at the time of the trial, "[T]he composition of the Grand Jury was readily available to [Mckenzie] and his [trial] counsel" and Mckenzie was

either aware of the alleged "systemic exclusion" or should have been aware of it at the time of his direct appeal. The postconviction court properly concluded that Mckenzie's claims are barred by application of the rule in *Knaffla*. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. Moreover, in light of our determination in *Roan* that a Hennepin County jury selection process, which, like the grand jury selection process in question, used registered voters, driver's licenses, and registered Minnesota identification card holders, was constitutional, Mckenzie's claim is not reviewable under either the "novel legal claims" or the "interests of justice" exceptions. *See Roan*, 532 N.W.2d at 569; *see also Hennepin County v. Perry*, 561 N.W.2d 889, 896 (Minn. 1997). For the same reasons, Mckenzie's ineffective assistance of counsel claim with respect to the grand jury selection procedure also fails.

■ Second, Mckenzie's ineffective assistance of counsel claim with respect to his trial counsel's alleged failure to respond to the notes sent by the jury is also barred under *Knaffla*. This court has previously determined that Mckenzie "either knew or should have known of the issues raised by the notes at the time of his direct appeal." *Mckenzie*, 687 N.W.2d at 906. Moreover, this court further concluded that any error with respect to the issue was "harmless beyond a reasonable doubt" and Mckenzie "failed to meet his burden of establishing, by a preponderance of the evidence, facts that warrant a reopening of the case." *Id.*

■ As we held in *Carney*, a petitioner is only entitled to an evidentiary hearing on an ineffective assistance of counsel claim if a reviewing court cannot resolve the claim based on the briefs and the record. *Carney*, 692 N.W.2d at 891. Here, the briefs and the record contained

sufficient information for the disposition of Mckenzie's claim, and the postconviction court correctly dismissed the claim without an evidentiary hearing. As Mckenzie is not entitled to an evidentiary hearing on the claim, we need not address Mckenzie's request for appointment of counsel and removal of the prosecuting attorney.

Affirmed.