Mwati P. MCKENZIE, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A05–1526.

Supreme Court of Minnesota.

May 11, 2006.

Mwati Mckenzie, Bayport, MN, pro se.

Michael A. Hatch, Minnesota Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

ANDERSON, PAUL H., Justice.

Petitioner Mwati Pepi Mckenzie appeals the denial of his fifth petition for postconviction relief by alleging two claims of error: (1) his sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and (2) the Department of Corrections' withholding of inmate wages for contribution to the Crime Victims Reparations Board violates due process. We affirm the postconviction court's denial of Mckenzie's petition.

On October 23, 1993, petitioner Mwati Pepi Mckenzie was convicted in Hennepin County District Court of first-degree murder of a peace officer for the shooting death of Minneapolis Police Officer Jerry Haaf. *State v. Mckenzie*, 532 N.W.2d 210, 213 (Minn.1995). The district court imposed the mandatory sentence of life imprisonment. *Id.;* Minn.Stat. § 609.185 (1992). Mckenzie appealed his conviction and we affirmed. *Id.* Our opinion affirming the conviction in response to Mckenzie's direct appeal provides a comprehensive statement of the facts of this case. *Id.* at 213–17. Mckenzie subsequently filed four petitions for postconviction relief, all of which were denied by the postconviction court. *See Mckenzie v. State*, 707 N.W.2d 643, 644 (Minn.2005). Mckenzie appealed the denial of three of his postconviction petitions, and we ultimately affirmed the denial of all three petitions. *See id.*

On June 6, 2005, Mckenzie filed his fifth petition for postconviction relief, alleging that (1) his sentence was imposed in violation of *Blakely;* and (2) the Department of Corrections' withholding of inmate wages for contribution to the Crime Victims Reparations Board violates due process. The postconviction court denied this fifth petition for relief, concluding that (1) *Blakely* did not apply retroactively to Mckenzie's case, and regardless, Mckenzie's mandatory life sentence did not violate the rule of *Blakely;* and (2) the authority of the Department of Corrections to withhold inmate earnings for contribution to the Crime Victims Reparations Board is not properly raised in a postconviction petition. Mckenzie now appeals the two issues raised in his fifth postconviction petition.

## I.

A defendant may seek postconviction relief "to vacate and set aside the judgment * * * or grant a new trial * * * or make other disposition as may be ap-

propriate." Minn.Stat. § 590.01, subd. 1 (2004). Review of a postconviction proceeding is limited to determining whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion. *Zenanko v. State*, 587 N.W.2d 642, 644 (Minn.1998).

We first address Mckenzie's argument that he is entitled to relief under *Blakely* because the jury that convicted him was not asked to make a specific finding beyond a reasonable doubt whether he used a firearm in the commission of the crime. The postconviction court denied relief on this claim, concluding that Mckenzie's sentence did not violate the rule of *Blakely* and that *Blakely* does not apply retroactively to Mckenzie's case.

■■■■ We have previously concluded that *Blakely* announced a new rule of constitutional criminal procedure. *State v. Houston*, 702 N.W.2d 268, 273 (Minn.2005). New rules of constitutional criminal procedure apply retroactively to cases pending on direct review at the time the new rule is announced. *O'Meara v. State*, 679 N.W.2d 334, 339 (Minn.2004). A case is "pending" until the availability of appeal has been exhausted and the time for filing a petition for certiorari with the United States Supreme Court has ended or a certiorari petition has been denied. *Id.* We affirmed Mckenzie's conviction on May 19, 1995, and the time for filing a certiorari petition ended 90 days later. *Mckenzie*, 532 N.W.2d at 210, 213; Sup.Ct. R. 13.1. Accordingly, Mckenzie's case was not pending on direct review when *Blakely* was decided in 2004 and the rule of *Blakely* does not apply retroactively to Mckenzie's case.

■■■■ Furthermore, even if *Blakely* did apply retroactively to Mckenzie's case, the *Blakely* rule was not implicated by Mckenzie's mandatory life sentence. The rule established by the *Blakely* line of cases is that other than a prior conviction, any fact that is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted to by the defendant or proved to a jury beyond a reasonable doubt. *United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Mckenzie's sentence of life imprisonment was mandatory under Minn.Stat. § 609.185, which provides:

> Whoever does any of the following is guilty of murder in the first degree and *shall be sentenced to imprisonment for life:* * * * (4) causes the death of a peace officer * * * with intent to effect the death of that person or another, while the peace officer * * * is engaged in the performance of official duties[.]

(Emphasis added.) Because Mckenzie's sentence was mandatory, his sentence did not "[exceed] the maximum authorized by the facts established by * * * a jury verdict[.]" *Booker*, 543 U.S. at 244, 125 S.Ct. 738. Accordingly, we conclude that Mckenzie's sentence did not violate the rule in *Blakely*. Having concluded that *Blakely* does not apply retroactively to Mckenzie's case and that, regardless, Mckenzie's mandatory life sentence did not violate the rule in *Blakely*, we hold that the postconviction court did not abuse its discretion when it denied relief on the basis of *Blakely*.

## II.

■■■■ We next address Mckenzie's argument that the Department of Corrections lacks the authority to "create programs to impose more onerous conditions on petitioner's sentence than the trial court imposes." Specifically, Mckenzie argues that Minn.Stat. § 243.23, subd. 3(10) (2004), which authorizes the Commissioner of Corrections to withhold funds from inmates'

earnings for contribution to the Crime Victims Reparations Board created under Minn.Stat. § 611A.55 (2004), violates due process. The postconviction court denied relief on this claim, concluding that the claim was not properly raised in a petition for postconviction relief.

The Postconviction Remedy Act provides that:

> Except at a time when direct appellate relief is available, a person convicted of a crime, who claims that * * * *the conviction obtained or the sentence or other disposition made* violated the person's rights under the Constitution or laws of the United States or of the state * * * may commence a proceeding to secure relief by filing a petition * * * to vacate and set aside the judgment and to discharge the petitioner or to resentence the petitioner or grant a new trial or correct the sentence or make other disposition as may be appropriate.

Minn.Stat. § 590.01, subd. 1 (emphasis added). We have previously held that a challenge to the wage withholding policy of the Department of Corrections under Minn.Stat. § 243.23 is not related to a petitioner's conviction or sentence for first-degree murder, and is therefore not properly raised as a basis for postconviction relief. *Sutherlin v. State*, 574 N.W.2d 428, 435–36 (Minn.1998); *Rainer v. State*, 566 N.W.2d 692, 696 (Minn.1997). Accordingly, we hold that the postconviction court did not abuse its discretion in denying relief on this ground.

Affirmed.