Hanifi Marlow JIHAD, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A05–2145.

Supreme Court of Minnesota.

May 25, 2006.

Hanifi Marlow Jihad, Bayport, MN, pro se.

Mike Hatch, Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Donna J. Wolfson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

ANDERSON, G. BARRY, Justice.

Hanifi Marlow Jihad, formerly known as Marlow Devette Jones, appeals the denial of his second petition for postconviction relief alleging ineffective assistance of ap-pellate counsel, entitlement to a new trial based on the cumulative effect of trial er-rors, and a violation of his right to confron-tation at trial. The postconviction court denied the petition. We affirm.

Jihad was convicted of first-degree mur-der and attempted first-degree murder. The district court sentenced Jihad to life imprisonment for murder and a concurrent 180–month sentence for attempted mur-der. Our opinion issued in response to appellant's direct appeal provides a full statement of the facts in this case. *See State v. Jones,* 556 N.W.2d 903, 906–08 (Minn.1996). We affirmed Jihad's convic-tions on direct appeal. *Id.* at 905–06, 914. Jihad then filed his first petition for state postconviction relief, raising four issues, and the postconviction court denied the petition. On appeal, we affirmed the deni-al of the petition holding that Jihad's claims were procedurally barred as they were either raised on direct appeal or known but not raised at the time of trial or direct appeal. *Jihad v. State,* 594 N.W.2d 522, 524–26 (Minn.1999). Jihad next filed a petition for federal habeas corpus relief, but the federal district court dismissed the petition as time barred and the Eighth Circuit affirmed the dismissal. *See Jihad v. Hvass,* 267 F.3d 803, 804 (8th Cir.2001).

Jihad then filed this petition for state postconviction relief, essentially making the following claims: (1) that he received ineffective assistance of appellate counsel on direct appeal because appellate counsel failed to request a new trial based on the cumulative effect of trial errors, (2) that he is entitled to a new trial based on the cumulative effect of trial errors, and (3) that he is entitled to a new trial because the admission at trial of a stipulation sum-marizing the statements of a codefendant violated Jihad's right to confrontation un-der *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

The postconviction court denied Jihad's petition for relief without a hearing, determining that *Crawford* did not apply retroactively to Jihad's case and that Jihad's petition for postconviction relief was untimely. Jihad appealed the postconviction court's order to this court.

■ A person convicted of a crime may request postconviction relief "to vacate and set aside the judgment * * * or grant a new trial * * * or make other disposition as may be appropriate." Minn.Stat. § 590.01, subd. 1 (Supp.2005). A postconviction court may deny a petition without a hearing if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2004). "Review of a postconviction proceeding is limited to determining 'whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion.'" *Zenanko v. State,* 688 N.W.2d 861, 864 (Minn.2004) (quoting *Sanders v. State,* 628 N.W.2d 597, 600 (Minn.2001)). When making this determination, we are not limited to the reasoning of the postconviction court, and can affirm the denial of postconviction relief on grounds other than those on which the postconviction court relied. *See Hummel v. State,* 617 N.W.2d 561, 563 (Minn.2000); *see also Black v. State,* 560 N.W.2d 83, 84–85 (Minn.1997).

The postconviction court cited Jihad's delay in filing his second petition for postconviction relief as a reason for denying relief, and this was the only cited basis for denying Jihad's claims of ineffective assistance of appellate counsel and cumulative error. Jihad appears to argue that the filing of the second petition was delayed because of his petition for federal habeas corpus relief. The state argues that Jihad's petition was properly denied as untimely. We need not determine whether Jihad's delay in filing the second petition, by itself, justifies denial of his petition for relief because, as discussed below, review of Jihad's petition and the record conclusively shows that Jihad is not entitled to relief.

■ After a direct appeal has been taken, a postconviction court will not consider "matters raised * * * [or] claims known but not raised" in the direct appeal. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). This procedural bar also applies if the petitioner should have known about the issue at the time of the direct appeal. *Mckenzie v. State,* 707 N.W.2d 643, 644 (Minn.2005); *see also* Minn.Stat. § 590.01, subd. 1. In addition, the postconviction court will not consider claims which Jihad raised or knew of and could have raised in his first petition for postconviction relief. *See Jones v. State,* 671 N.W.2d 743, 746 (Minn.2003); *Wayne v. State,* 601 N.W.2d 440, 441 (Minn.1999). "A postconviction court, however, may hear previously known or considered claims if (1) a claim is so novel that the legal basis was not available on direct appeal or (2) fairness requires and the petitioner did not 'deliberately and inexcusably' fail to raise the issue on appeal." *Mckenzie,* 707 N.W.2d at 644 (quoting *Carney v. State,* 692 N.W.2d 888, 891 (Minn. 2005)).

■ Jihad's first two claims are procedurally barred by this rule. Jihad's claim that he is entitled to a new trial due to the cumulative effect of trial errors is procedurally barred because he either knew or should have known of this claim at the time of his direct appeal. Similarly, Jihad's claim of ineffective assistance of appellate counsel is procedurally barred because Jihad could have raised this claim in his first petition for postconviction relief. Neither claim falls under either ex-

ception to the *Knaffla* bar. Consequently, the postconviction court did not abuse its discretion when it denied Jihad relief on these claims.

█ Jihad's final claim is that he is entitled to a new trial because admission of a stipulation summarizing the statements of a codefendant violated his right to confrontation under *Crawford.* While the state argues that this claim is barred by *Knaffla,* we conclude that Jihad is not procedurally barred from raising a claim of *Crawford* error. Jihad argued on direct appeal that the statement at issue was not truly self-inculpatory and therefore admission of the statement violated the rule in *Williamson v. United States,* 512 U.S. 594, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). *Jones,* 556 N.W.2d at 908. *Williamson* did not deal directly with the Confrontation Clause but instead interpreted the federal evidentiary hearsay exception for statements against interest. *See* 512 U.S. at 604–05, 114 S.Ct. 2431. *Crawford,* on the other hand, interpreted the Confrontation Clause directly. *See* 541 U.S. at 50–68, 124 S.Ct. 1354. While Jihad's *Crawford* argument concerns the admission of the same out-of-court statement as his *Williamson* argument on direct appeal, each argument is a discrete legal claim. Moreover, since *Crawford* was not decided until 2004, the legal basis for Jihad's *Crawford* claim was not available to him on direct appeal or his first petition for postconviction relief.

█ While *Knaffla* and its progeny do not prevent Jihad from raising his *Craw-* ford claim in this proceeding, we need not determine whether the admission of the codefendant's statement violated *Crawford* or whether *Crawford* applies retroactively to cases on collateral review at the time of its decision. This is because any constitutional error in the admission of the statement at issue was harmless beyond a reasonable doubt. We recently applied harmless error analysis to *Crawford* error and found such error harmless beyond a reasonable doubt if "the guilty verdict actually rendered was 'surely unattributable' to the error." *State v. Courtney,* 696 N.W.2d 73, 79–80 (Minn.2005) (quoting *State v. Juarez,* 572 N.W.2d 286, 292 (Minn.1997)). On direct appeal, we analyzed whether any *Williamson* error was harmless using the "surely unattributable to the error" standard that we later referenced in *Courtney. See Jones,* 556 N.W.2d at 910. Applying this test in the direct appeal, we held that any error in the admission of the statement at issue was harmless beyond a reasonable doubt. *See id.* There is no reason to reach a different conclusion here. Because any *Crawford* error was harmless beyond a reasonable doubt, the postconviction court did not abuse its discretion when it denied Jihad relief on this claim.

Affirmed.