Louis **BUGGS**, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. A06–1058.

Supreme Court of Minnesota.

June 28, 2007.

---

Louis Buggs, Bayport, MN, Pro Se Appellant.

Lori Swanson, Attorney General, St. Paul, MN, Michael O. Freeman, Hennepin County Attorney, Donna J. Wolfson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

PAGE, Justice.

In 1998, we affirmed Louis Buggs' first-degree murder conviction.[1] *State v. Buggs,* 581 N.W.2d 329, 332 (Minn.1998). On December 1, 2004, Buggs filed a petition for postconviction relief. In his petition, Buggs asserts that he is entitled to postconviction relief because the "systematic exclusion of members of his race from participation in the grand, or petit, jury body" in his case denied him equal protection of the law. Despite his reference to the petit jury in the petition, Buggs' arguments to the postconviction court focused entirely on the alleged race discrimination in the selection of his grand jury. On April 13, 2006, the postconviction court issued its order denying Buggs relief without a hearing. In its order, the postconviction court focused, as did Buggs, on Buggs' claim of race discrimination in the selection of his grand jury. Based on its review of Buggs' trial court file, the postconviction court concluded that "Buggs knew or should have known of the facts that form the basis of his petition for postconviction relief." As a result, the court also concluded that Buggs was not entitled to "re-consideration of those issues." In addition, the court found that Buggs failed to make a prima facie case that his claims had merit and failed to explain why he waited six years to file his petition. We affirm.

When reviewing a postconviction court's denial of relief, we examine whether the postconviction court's findings are supported by sufficient evidence. *Russell v. State,* 562 N.W.2d 670, 672 (Minn.1997). We will only reverse a postconviction court's decision if that court abused its

---

1. The facts underlying Buggs' conviction can be found in our decision affirming his conviction on direct appeal.

discretion. *Id.* Under *State v. Knaffla,* all claims raised by the defendant in a direct appeal and all claims known at the time of that appeal are barred from review in a subsequent petition for postconviction relief. 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). "The *Knaffla* rule [also] bars 'all claims that the appellant should have known at the time of direct appeal.'" *Schleicher v. State,* 718 N.W.2d 440, 447 (2006) (quoting *Koskela v. State,* 690 N.W.2d 133, 134 (Minn.2004)). There are two exceptions to *Knaffla*: (1) when "a claim is so novel that the legal basis was not available on direct appeal or (2) [when] fairness requires [that the claim be heard] and the petitioner did not 'deliberately and inexcusably' fail to raise the issue on appeal." *Mckenzie v. State,* 707 N.W.2d 643, 644 (Minn.2005).

On appeal to this court, Buggs renews his arguments but now focuses entirely on the process used to select his petit jury. Buggs asserts that the process used to select his petit jury violated his right to equal protection because: (1) he is African American and African Americans are "singled out for different treatment under the law"; (2) African Americans were substantially underrepresented because none were selected to participate in his grand or petit jury; and (3) although the venire is selected at random, the inclusion of a race indicator on the jury questionnaire makes it susceptible to abuse and racial discrimination. Buggs, in essence, claims that the low number of minorities who actually serve on petit juries is evidence that the jury questionnaire is being used to discriminate.

The state asserts that we should affirm the postconviction court's denial of relief because Buggs' petition is untimely, procedurally barred, and without merit given

Buggs' failure to come forward with any facts to support his allegations.

We conclude that, at the time of his direct appeal, Buggs either knew or should have known of any claims available to him based on the procedures used to select the grand jury that indicted him and the petit jury that convicted him. Information relating to those procedures was at the time, and continues to be, publicly available. Indeed, those procedures have been the subject of decisions by this court. *See State v. Perry,* 561 N.W.2d 889, 896 (Minn.1997) (discussing the grand jury selection process used in Hennepin County); *State v. Roan,* 532 N.W.2d 563, 569 (Minn.1995) (discussing the petit jury selection process used in Hennepin County). Information relating to the racial composition of the grand jury that indicted him and the petit jury that convicted him was also publicly available at the time of his direct appeal. Therefore, Buggs' claims relating to the racial composition of his grand jury and petit jury were either known or should have been known to him at the time of his direct appeal.

Because all of the claims raised in Buggs' petition for postconviction relief were either known to him or should have been known to him at the time of his direct appeal, they are *Knaffla*-barred.[2] Therefore, the postconviction court did not abuse its discretion when it denied Buggs' petition for postconviction relief without a hearing.

Affirmed.

---

**2.** Having carefully reviewed Buggs' claims and the record presented, we are satisfied that none of the claims come within either exception of the *Knaffla* rule.