**Joseph T. SPANN, petitioner, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. A06–1474.**

Supreme Court of Minnesota.

Nov. 1, 2007.

Joseph Thomas Spann, Bayport, MN, Appellant Pro Se.

Lori Swanson, Attorney General, St. Paul, MN, Michael O. Freeman, Hennepin County Attorney, Michael K. Walz, Assistant Hennepin County Attorney, Minneapolis, MN, for Respondent.

## OPINION

ANDERSON, Russell A., Chief Justice.

Appellant Joseph T. Spann appeals from a summary denial of his postconviction pe-

tition arguing that (1) he was sentenced in violation of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); (2) his convictions for multiple offenses arising out of the same behavioral incident violated Minn.Stat. § 609.04 (2006); and (3) his right to equal protection was violated because the county did not use a racially neutral jury pool selection process. We affirm the postconviction court's denial of relief with respect to Spann's conviction for first-degree murder in violation of Minn.Stat. § 609.185(a)(3) (2006) and the mandatory sentence to life imprisonment, but we vacate the convictions for the lesser-included offenses of second-degree murder and first-degree aggravated robbery.

On October 29, 1995, Spann was found guilty by a Hennepin County jury of first-degree murder while committing an aggravated robbery, intentional second-degree murder, and first-degree aggravated robbery in the shooting death of Marvin Nordine, a convenience store clerk. *State v. Spann,* 574 N.W.2d 47, 48, 51 (Minn.1998). Spann was sentenced to life imprisonment. *Id.* at 51. On direct appeal, Spann raised multiple issues relating to evidentiary rulings, discovery violations, and the sufficiency of the evidence. *Id.* at 48. We affirmed. *Id.*

On April 26, 2006, proceeding pro se, Spann filed a petition for postconviction relief arguing essentially that (1) he was sentenced in violation of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the jury did not find that he used a firearm in violation of Minn.Stat. § 609.11 (2006); (2) his three convictions arising out of the same behavioral incident include two lesser-included offenses and therefore violate Minn.Stat. § 609.04; and (3) his right to equal protection under the Fourteenth Amendment was violated because the county did not

use a racially neutral jury pool selection process. The postconviction court denied his petition without an evidentiary hearing, and this appeal followed.

■ A person convicted of a crime may petition the district court for postconviction relief "to vacate and set aside the judgment[,] * * * grant a new trial[,] * * * or make other disposition as may be appropriate." Minn.Stat. § 590.01, subd. 1 (2006). The petition must contain "a statement of the facts and the grounds upon which the petition is based and the relief desired." Minn.Stat. § 590.02, subd. 1(1) (2006). An evidentiary hearing "is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief." *Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990) (citing *State ex rel. Roy v. Tahash,* 277 Minn. 238, 245, 152 N.W.2d 301, 306 (1967)).

■ On review of a postconviction court's denial of relief, we "extend a broad review of both questions of law and fact." *Butala v. State,* 664 N.W.2d 333, 338 (Minn.2003). We review legal issues de novo and review the postconviction court's factual findings to determine if there is sufficient evidence in the record to sustain them. *Id.* A petitioner is prohibited from raising in a petition for postconviction relief claims that were raised on direct appeal or that were known or should have been known at the time of direct appeal. *Boitnott v. State,* 640 N.W.2d 626, 630 (Minn.2002); *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Such claims will be considered on postconviction review, even if not raised on direct appeal, only if they are "so novel that the legal basis was not available on direct appeal" or if fairness requires that we review such claims "and the petitioner did not deliberately and inexcusably fail to raise the issue on appeal." *Mckenzie v. State,* 707 N.W.2d 643, 644 (Minn.2005).

## I.

There is no merit to Spann's claim that, because the jury did not find that he used a firearm in the commission of the crime in violation of Minn.Stat. § 609.11, he was sentenced in violation of the requirements of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Most importantly, Spann was not sentenced under the firearm enhancement provisions of section 609.11; he received a mandatory term of life imprisonment under Minn.Stat. § 609.185(a)(3). *See Mckenzie v. State*, 713 N.W.2d 840, 842 (Minn.2006); *State v. Shattuck*, 704 N.W.2d 131, 141 n. 9 (Minn. 2005) (stating that "[f]irst-degree murder is excluded from the Sentencing Guidelines because it carries a mandatory sentence of life imprisonment"). Moreover, *Blakely* applies retroactively only to cases that were pending on direct review at the time it was decided in 2004, *State v. Houston*, 702 N.W.2d 268 (Minn.2005), and Spann's conviction was final in 1998, well before *Blakely* was decided.

## II.

Spann's next argument is that he was convicted for multiple offenses arising from the same behavioral incident in violation of Minn.Stat. § 609.04. While Spann did not raise this claim at the time of sentencing or on his direct appeal, we have held that an appellant does not waive claims of multiple convictions or sentences by failing to raise the issue at the time of sentencing. *Ture v. State*, 353 N.W.2d 518, 523 (Minn.1984). Furthermore, courts are empowered "at any time" to correct sentences not authorized by law. Minn. R.Crim. P. 27.03, subd. 9.

At Spann's trial the jury returned guilty verdicts for first-degree murder while committing an aggravated robbery, intentional second-degree murder, and first-degree aggravated robbery. A conviction is defined as either a plea of guilty or a verdict or finding of guilty that is "accepted and recorded by the court." Minn.Stat. § 609.02, subd. 5 (2006). A guilty verdict alone is not a conviction. We have previously instructed sentencing courts:

> "[W]hen the defendant is convicted on more than one charge for the same act * * * the court [is] to adjudicate formally and impose sentence on one count only. The remaining conviction(s) should not be formally adjudicated at this time. If the adjudicated conviction is later vacated for a reason not relevant to the remaining unadjudicated conviction(s), one of the remaining unadjudicated convictions can then be formally adjudicated and sentence imposed, with credit, of course, given for time already served on the vacated sentence."

*State v. Pflepsen*, 590 N.W.2d 759, 766 (Minn.1999) (quoting *State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn.1984)). In this case, the district court "received" the jury verdicts and sentenced Spann without stating on which offenses the court was entering formal adjudications of conviction. We may also look to the "official judgment of conviction" in the district court file "as conclusive evidence of whether an offense has been formally adjudicated." *Id.* at 767. In Spann's case, the official judgment of conviction shows that formal adjudication was entered on all three guilty verdicts. Spann argues that these three convictions violate Minn.Stat. § 609.04.

Section 609.04 prohibits convictions on both a crime charged and an included offense, specifying that "[a] lesser degree of the same crime" and "[a] crime necessarily proved if the crime charged were proved" are both included offenses. Minn.Stat. § 609.04, subd. 1(1), (4). Here, intentional second-degree murder is a lesser degree of

first-degree murder, and aggravated robbery is an offense "necessarily proved" if felony murder is proved. *E.g., State v. Fratzke,* 354 N.W.2d 402, 410 (Minn.1984). Thus, we vacate the convictions for the lesser-included offenses of intentional second-degree murder and first-degree aggravated robbery, offenses for which Spann received no sentence. We affirm the postconviction court's denial of relief with respect to Spann's conviction and sentence for first-degree murder.

### III.

Spann's last claim is that his right to equal protection under the Fourteenth Amendment was violated because Hennepin County did not use racially neutral jury pool selection procedures. This claim was not raised on direct appeal. We have held that claims regarding the racial composition of the jury pool are barred by *Knaffla* if not raised on direct appeal, because a petitioner knows or should have known such claims at the time of direct appeal. *E.g., Buggs v. State,* 734 N.W.2d 272, 274 (Minn.2007). Spann's claim is therefore *Knaffla*-barred. Furthermore, in *State v. Willis,* we upheld the petit jury pool selection process in Hennepin County against constitutional challenge. 559 N.W.2d 693, 700–01 (Minn.1997). Spann has not alleged any facts that, if proven, would suggest that the procedures used in his petit jury pool selection differed in any material respect from those used in *Willis,* and therefore he has not met his burden of alleging facts that establish a prima facie case under the Fourteenth Amendment. *See, e.g., State v. Gail,* 713 N.W.2d 851, 862 (Minn.2006).

Affirmed as modified.