Jairam GANPAT, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A07–1733.

Supreme Court of Minnesota.

April 10, 2008.

Jairam Ganpat, Bayport, pro se.

Lori Swanson, Attorney General, St. Paul, James C. Backstrom, Dakota County Attorney, Cheri A. Townsend, Assistant County Attorney, Hastings, for respondent.

## OPINION

ANDERSON, RUSSELL A., Chief Justice.

Appellant Jairam Ganpat appeals from a summary denial of his postconviction petition arguing that (1) his right to due process was violated because his Minn. R.Crim. P. 20 mental examination was conducted in jail; (2) his right to equal protection was violated because no psychiatric experts testified at his trial; and (3) his convictions violate the Double Jeopardy Clause of the United States Constitution. We affirm.

On March 31, 2005, Ganpat was indicted for first-degree premeditated murder in violation of Minn.Stat. § 609.185(a)(1) (2006), second-degree intentional murder in violation of Minn.Stat. § 609.19, subd 1(1) (2006), and second-degree unintentional felony murder in violation of Minn.Stat. § 609.19, subd. 2(1) (2006), for the death of his girlfriend, Moonku Persaud. Before trial, the district court ordered that Ganpat undergo a psychiatric and psychological evaluation to determine whether he was competent to stand trial, pursuant to Rule 20.01 of the Minnesota Rules of Criminal Procedure. Ganpat was examined by a court-appointed psychologist, a psychologist selected by Ganpat's counsel, and a forensic psychiatrist on behalf of the State. All three mental health experts testified at a competency hearing, and the district court found Ganpat competent to stand trial. At trial Ganpat did not assert a defense of not guilty by reason of mental deficiency or illness.

After a 4–day trial, a Dakota County jury found Ganpat guilty of all charges. The district court sentenced Ganpat to life in prison for his first-degree murder conviction. On direct appeal, in which he was represented by counsel, Ganpat argued "that the district court erred (1) by concluding that he was competent to stand trial and (2) denying his motion to suppress statements he made to police." *State v. Ganpat*, 732 N.W.2d 232, 235 (Minn.2007). We affirmed. *Id.*

Ganpat filed a pro se petition for postconviction relief, which the district court denied without a hearing. Ganpat appeals the postconviction court's denial of relief, arguing that (1) his right to due process was violated because the Rule 20 mental examinations were conducted in the Dakota County jail rather than at a "mental hospital"; (2) his right to equal protection was violated because he has a mental disorder and the three psychiatric experts who testified at Ganpat's competency hearing did not testify at trial; and (3) his convictions violate the Double Jeopardy Clause of the United States Constitution.

On review of a postconviction court's denial of relief, we "extend a broad review of both questions of law and fact." *Butala v. State*, 664 N.W.2d 333, 338 (Minn.2003). We review the postconviction court's factual findings to determine if there is sufficient evidence in the record to sustain them, and we review legal claims

de novo. *Id.* A postconviction court is not required to hold an evidentiary hearing "unless facts are alleged which, if proved, would entitle a petitioner to the requested relief." *Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990).

 Where a petitioner has taken a direct appeal, a postconviction court will not consider in a subsequent petition for postconviction relief any claims that were known or should have been known at the time of direct appeal. *Mckenzie v. State,* 707 N.W.2d 643, 644 (Minn.2005); *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Claims that were not raised on direct appeal may be considered on postconviction review only if they are "so novel that the legal basis was not available on direct appeal" or if "fairness requires and the petitioner did not deliberately and inexcusably fail to raise the issue on appeal." *Mckenzie,* 707 N.W.2d at 644 (internal quotation marks omitted).

Here, the postconviction court concluded that all of Ganpat's claims were barred by *Knaffla* because they were claims that Ganpat knew or should have known at the time of his direct appeal. We agree.[1] The Rule 20 examination was conducted well before trial, which means Ganpat knew or should have known of his first claim before his direct appeal. Similarly, Ganpat's equal protection claim based on the lack of expert testimony at trial is a claim Ganpat knew or should have known when his direct appeal was taken. Finally, Ganpat's double jeopardy claim should have been raised on direct appeal and is, therefore, barred by *Knaffla.*

After examining the substance of Ganpat's claims we conclude that they do not fall under either exception to *Knaffla,* and furthermore, they do not have merit. As to Ganpat's first claim, Rule 20 grants district courts the authority to confine a defendant for the purposes of a mental examination but does not require that the examination be conducted in a "mental hospital" as Ganpat claims. Minn. R.Crim. P. 20.01, subd. 2(3). We conclude Rule 20 was not violated here. Additionally, Ganpat's right to equal protection was not violated because "expert testimony is generally not admissible * * * to inform the fact-finder about the general effects of a mental illness." *State v. Bird,* 734 N.W.2d 664, 673 (Minn.2007). Finally, we have interpreted the Double Jeopardy Clause[2] of the United States Constitution to protect criminal defendants both from prosecution for the same offense after either acquittal or conviction and from "multiple punishments for the same offense." *Hankerson v. State,* 723 N.W.2d 232, 236–37 (Minn.2006) (internal quotation marks omitted). Here, no such violation occurred because Ganpat was subject to only one prosecution and incurred only one sentence: a mandatory sentence of life in prison for first-degree murder.

Affirmed.

---

1. To the extent that Ganpat disagreed with his appellate counsel's decision as to what issues should have been raised on direct appeal, Ganpat's recourse was to file a pro se supplemental brief. *E.g., Black v. State,* 560 N.W.2d 83, 86 (Minn.1997).

2. The Double Jeopardy Clause provides that "[n]o person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.