*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0940**

Enamidem Celestine Okon, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 5, 2016
Affirmed
Muehlberg, Judge***

Stearns County District Court
File No. 73-CR-12-6911

Enamidem Celestine Okon, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, Michael J. Lieberg, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Muehlberg, Judge.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**MUEHLBERG**, Judge

Appellant challenges the denial of his petition for postconviction relief, arguing he was convicted twice of the same offense, and his constitutional rights were violated by the exclusion of evidence at trial. Because appellant was not convicted twice, and his constitutional challenge is *Knaffla* barred, we affirm.

## FACTS

In July 2012, a woman, C.M.J., reported that she had been sexually assaulted by appellant Enamidem Celestine Okon and another man, Chukwudi Gregory Jideofor. Okon was charged with two counts of first-degree criminal sexual conduct.

Prior to trial, Okon moved to admit evidence of C.M.J.'s prior sexual conduct: seminal fluid from five or more sources found on C.M.J.'s underwear. Okon and Jideofor were excluded as potential sources of that semen. The district court allowed Okon to present evidence that his DNA was not found on C.M.J.'s underwear, but precluded Okon from introducing evidence as to the number of sources of semen. The district court based its conclusion on applicable rape-shield laws, relevance, and the risk of unfair prejudice.

A jury found Okon guilty of both counts. The district court sentenced Okon on count two. The warrant of commitment shows Okon was only convicted of count two, and there was no adjudication on count one. But, at sentencing, the district court appeared to agree with the prosecutor's assertion that count one "should remain adjudicated."

In October 2013, Okon appealed his conviction to this court arguing, in part, that his right to confront C.M.J. was denied when the district court excluded evidence on the

number of sources of semen found on C.M.J.'s underwear. *State v. Okon*, No. A13-2018, 2014 WL 3800324, at *1 (Minn. App. Aug. 4, 2014), *review denied* (Minn. Oct. 14, 2014). This court affirmed Okon's conviction, finding no abuse of discretion in the district court's exclusion of the semen evidence. *Id.* at *3, 9. We acknowledged that Okon had presented an argument based on his constitutional right to confront C.M.J., and we noted a "harmless beyond a reasonable doubt" standard as appropriate if any error implicated a constitutional right, but we did not expressly address the constitutional component of Okon's argument in its analysis of the issue. *Id.* at *2-3. Instead, this court relied on Minnesota caselaw and Minn. R. Evid. 403 to conclude that the evidence was properly excluded. *Id.*

In March 2016, Okon filed for postconviction relief in the district court. He raised two arguments: First, he argued that count one should be vacated because allowing it to stand would violate the constitutional prohibition against double jeopardy; and second, he argued that his constitutional rights were violated by the exclusion of DNA evidence.

In May 2016, the district court filed an order denying Okon's request for postconviction relief without a hearing. The district court found that proper procedures had been followed in sentencing, and Okon's claim regarding the exclusion of DNA evidence was *Knaffla* barred. This appeal follows.

## DECISION

Following a summary denial of a postconviction petition, we review the district court's factual findings for clear error and the district court's legal conclusions de novo. *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013). Ultimately, a district court's denial of a postconviction petition will not be disturbed unless there was an abuse of discretion. *Id.*

3

# I.

Okon argues that he was convicted twice of the same offense in violation of the Double Jeopardy Clause of the United States Constitution. Okon's argument has no merit because he was subject to only one prosecution, and he received a single adjudication, conviction, and sentence.

Contrary to Okon's assertion that he was convicted twice, guilty verdicts do not become convictions under Minnesota law until a conviction is recorded. Minn. Stat. § 609.02, subd. 5 (2014); *State v. Hoelzel*, 639 N.W.2d 605, 609 (Minn. 2002). Here, only one conviction was recorded.

There is a specific procedure a district court should follow under circumstances like the present, the district court should formally adjudicate and impose a sentence on only one count. *State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn. 1984). Here, the district court properly adhered to the procedure set forth in *LaTourelle*. *See id.*

Lastly, according to the sentencing transcript, in discussing how to sentence Okon for count one, the prosecutor asserted it "should remain adjudicated but unsentenced," and the district court agreed. Arguably, this indicated an intent to adjudicate Okon on count one. However, according to the warrant of commitment there was no adjudication on count one. If there is a conflict between an orally pronounced sentence and a warrant of commitment, the orally pronounced sentence controls. *State v. Staloch*, 643 N.W.2d 329, 331 (Minn. App. 2002). Here, there is no genuine conflict between the orally pronounced sentence and the warrant of commitment. At the sentencing hearing, the district court never formally or expressly entered an adjudication on count one, and the warrant of commitment

4

indicates that count one was not adjudicated. *See Spann v. State*, 740 N.W.2d 570, 573 (Minn. 2007) (noting that appellate courts may look to the judgment of conviction to determine if an offense has been formally adjudicated). It appears that there was simply some language imprecision at the sentencing hearing or in the transcript. According to the transcript, the prosecutor asserted count one should "remain adjudicated," which was an impossibility, as count one had not been adjudicated and could not therefore remain adjudicated.

In sum, Okon's argument has no merit because he was subject to only one prosecution and received a single adjudication, conviction, and sentence. *See Ganpat v. State*, 746 N.W.2d 891, 893 (Minn. 2008).

## II.

Okon next argues that his constitutional-rights claim based upon the exclusion of the semen evidence should not be *Knaffla* barred because the interests of justice require that this court analyze the issue. Because Okon's constitutional claim was raised or could have been raised on direct appeal, Okon's claim is barred by *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976).

In his claim, Okon argues that he was denied the right of confrontation and the right to due process because he was unable to introduce the semen evidence found on C.M.J.'s underwear. He argues that the evidence was relevant because it rebutted the injury and force or coercion components of the charged crimes, and it spoke to her credibility. Okon also argues that exclusion of the evidence denied him an opportunity to meaningfully cross-examine C.M.J. While Okon correctly points out that this exact constitutional issue was

not expressly analyzed by this court on direct appeal, this court did recognize the constitutional component of Okon's argument, concluding that Okon was challenging the exclusion of the semen evidence as violating "[his] constitutional right to confront his victim." *Okon*, 2014 WL 3800324, at *1-3.

Once a direct appeal has been taken, all matters raised and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2014); *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

Here, Okon's right-to-confrontation argument was raised on direct appeal. *Okon*, 2014 WL 3800324, at *1. Okon also argues that his due-process rights were violated by the exclusion of the semen evidence. But, this is simply a recharacterization of the previous argument made on direct appeal that the semen evidence should not have been excluded, and simply recharacterizing an argument will not permit the argument to escape the *Knaffla* limitation. *Black v. State*, 560 N.W.2d 83, 86 (Minn. 1997). Further, the entirety of Okon's present claim could have been raised on direct appeal as a factual basis to support the present claims because the claim existed in the district court record at the time of direct appeal. *Schleicher v. State*, 718 N.W.2d 440, 449 (Minn. 2006). Therefore, because Okon's claims were previously raised or could have been raised on direct appeal, the claims are *Knaffla* barred. 309 Minn. at 252, 243 N.W.2d at 741.

There are two recognized exceptions to the *Knaffla* bar, and a claim should be considered if (1) a novel issue has been raised or (2) the interests of justice require review. *Carridine v. State*, 867 N.W.2d 488, 493 (Minn. 2015). A novel issues is "an issue so novel that its legal basis was not reasonably available at the time of the direct appeal." *Id.*

6

(quotation omitted).  Here, a novel issue has not been raised because a legal basis for the present claims was available at the time of direct appeal.  As such, Okon's only available *Knaffla* exception is the interests-of-justice exception.

To meet the requirements of the interests-of-justice exception, a claim must have substantive merit and be made without deliberate or inexcusable delay.  *Andersen v. State*, 830 N.W.2d 1, 8 (Minn. 2013).  Here, Okon's claim has no merit.  The constitutional right to present a defense is limited by the defendant's responsibility to comply with procedural and evidentiary rules.  *State v. Richardson*, 670 N.W.2d 267, 277 (Minn. 2003).  We already conducted a detailed analysis of the underlying evidentiary ruling, recognized the constitutional component inherent in that ruling, and concluded that the semen evidence was properly excluded because it was highly prejudicial and had little relevance.  *Okon*, 2014 WL 3800324, at *2-4.  In sum, Okon's claim that his constitutional rights were violated by the exclusion of evidence is *Knaffla* barred.

**Affirmed.**