**Lemoyne D. JONES, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A03–334.**

Supreme Court of Minnesota.

Dec. 4, 2003.

Lemoyne D. Jones, Minnesota Correctional Facility, Stillwater, MN, for Appellant Pro Se.

Mike Hatch, Attorney General, Thomas R. Ragatz, Assistant Attorney General, St. Paul, MN; and Arden J. Fritz, Kathleen A. Heaney, Assistant Sherburne County Attorney, Elk River, MN, for Respondent's.

## OPINION

HANSON, Justice.

Appellant Lemoyne D. Jones[1] was convicted of first-degree felony murder and second-degree murder in connection with the May 7, 1984, death of Bruce Swanson. He appeals from an order dismissing without a hearing his third petition for postconviction relief. Because all of the issues raised in this third petition were raised or could have been raised in Jones' direct appeal or his two previous petitions for postconviction relief, we affirm.

On May 7, 1984, Bruce Swanson was found dead after a fire in his home. Dr. Michael B. McGee, the medical examiner, concluded that Swanson died from a bullet wound inflicted prior to the fire.[2] Based almost entirely on accomplice testimony, a jury found Jones guilty of intentional felony murder in the first degree and murder in the second degree but not guilty of arson. Jones was sentenced to life imprisonment for intentional felony murder under Minn.Stat. § 609.185(3) (1984).[3] *Jones I*, 392 N.W.2d at 230.

Jones filed a direct appeal of his conviction to this court, arguing that: (1) the state's plea agreements with codefendants violated his due process rights; (2) the district court erred in admitting *Spreigl* evidence; (3) his right to a speedy trial was violated; and (4) he received ineffective assistance of counsel. *Id.* at 231. This court rejected those arguments and upheld Jones' conviction. *Id.* at 237.

Five years later, Jones filed his first petition for postconviction relief. Jones argued that the state willfully concealed evidence of promises and inducements made to the state's witnesses. Jones requested and was granted funds to cover the cost of investigative services. After completing an "exhaustive investigation," defense counsel informed the court that there was no additional evidence or legal arguments to submit to the court and the court granted Jones' request that the petition be dismissed.

Nineteen months later, Jones filed an application for a writ of habeas corpus in federal district court. Jones based his habeas action on the claims that: (1) the state failed to disclose the scope of the plea agreement with his codefendants; (2) the district court improperly admitted *Spreigl* evidence; (3) Jones was denied the right to a speedy trial; and (4) Jones received ineffective assistance of counsel. The federal district court denied Jones' habeas corpus petition. Jones' appeal to the Eighth Circuit Court of Appeals was dismissed. *Jones v. Humphrey,* 66 F.3d

---

1. Jones was convicted under the name of Lemoyne Peter Jones and filed his direct appeal under that name. He was also known at that time as Lemoyne "Buddy" Jones. Jones' true and correct legal name is LeMoyne Dio Jones.

2. A detailed account of the facts leading to Jones' conviction is set forth in his direct appeal. *See State v. Jones,* 392 N.W.2d 224, 230 (Minn.1986) (*Jones I* ).

3. This statute was amended in 2002 and is now codified at Minn.Stat. § 609.185(a)(3)(2002).

330 (8th Cir.1995). Jones' petition for a writ of certiorari to the United States Supreme Court was also denied. *Jones v. Humphrey,* 516 U.S. 949, 116 S.Ct. 393, 133 L.Ed.2d 314 (1995).

Jones filed his second petition for post-conviction relief just over 2 years later. Jones argued that: (1) the state intentionally withheld evidence that was favorable to the defense; (2) the state knowingly presented false testimony; (3) the state intimidated, threatened or bribed witnesses into giving false testimony against Jones; (4) a third party's vehicle was improperly searched; and (5) there was prosecutorial misconduct. The district court dismissed the petition without an evidentiary hearing, finding that it was without factual support and raised issues that were raised, or could have been raised, in his direct appeal to this court and the proceedings in federal court. Jones did not appeal.

On October 2, 2002, 17 years after his original conviction, Jones filed his third (and present) petition for postconviction relief. The legal issues presented in this petition include: (1) prosecutorial misconduct by failure to disclose information as required by Minn. R.Crim. P. 9.01; (2) ineffective assistance of counsel; and (3) failure to prove all of the elements of felony murder. In his petition, Jones essentially discusses what he claims are inconsistencies in the trial testimony. The single item of new "evidence" referred to by Jones is a letter of April 2, 1996, to Jones from the director of a funeral home, stating in part that the body of Bruce Swanson was cremated on May 9, 1984, and the burial of the remains took place on May 12, 1984. The significance of this letter is not clear. Jones appears to use the letter to discredit the testimony of Dr. McGee by suggesting that the cremation of May 9, 1984, would have prevented Dr.

McGee from performing the examinations that he described as occurring "two or three days" after May 8.

The district court denied Jones' petition without an evidentiary hearing. The court interpreted Jones' petition as raising issues of prosecutorial misconduct (failure to disclose evidence and coercion of witnesses) and ineffective assistance of counsel. The court concluded that: (1) Jones had failed to meet his burden of proof because his request for relief was without any factual support; and (2) the issues raised by Jones were procedurally barred because they were the same issues that had been decided by this court as well as the federal courts. Jones appealed.

In his brief to this court, Jones' arguments are not clearly delineated. Jones identifies as legal issues: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; and (3) the need for an evidentiary hearing because "the trial court record is insufficient." In essence, Jones appears to suggest that the trial testimony of Dr. McGee is inconsistent with other evidence in the record. Jones claims that some evidence would suggest that Swanson was still alive after the gunshot wound and actually died from the fire. (Jones was acquitted of the charge of arson, and presumably would argue that the evidence would not support a murder conviction if the cause of death was the fire.) Jones suggests that Dr. McGee committed perjury, that Jones was not allowed at trial to question witnesses fully on this issue, and that some items of physical evidence supporting the conclusion that Swanson was shot were not credible due to "chain of possession" issues.

A person convicted of a crime may file a petition in district court to "vacate and set aside the judgment and to discharge the petitioner or to resentence the petitioner or grant a new trial or correct the sen-

tence or make other disposition as may be appropriate." Minn.Stat. § 590.01, subd. 1(2) (2002). The district court must hold an evidentiary hearing unless the petition, files, and records of the proceedings "conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2002). "The court may summarily deny a second or successive petition for similar relief on behalf of the same petitioner and may summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case." Minn.Stat. § 590.04, subd. 3 (2002).

■ Once a petitioner has directly appealed his criminal conviction and has filed previous petitions for postconviction relief, any matter raised in the direct appeal or matters that were known to the defendant and could have been raised in the previous petitions will not be considered upon a subsequent petition for postconviction relief. *Wayne v. State*, 601 N.W.2d 440, 441 (Minn.1999) (citing *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) (the "*Knaffla* rule")). We have recognized two exceptions to the *Knaffla* rule. In *Case v. State*, 364 N.W.2d 797, 800 (Minn. 1985), we held that only "where a claim is so novel that it can be said that its legal basis was not reasonably available to counsel at the time the direct appeal was taken and decided will postconviction relief be allowed." In *Fox v. State*, 474 N.W.2d 821, 825 (Minn.1991), we concluded that, in limited circumstances, a substantive review of a case is warranted where fairness demands, even if the petitioner knew of the issue at the time of the direct appeal "unless the petitioner deliberately and inexcusably fails to raise the issue on direct appeal." *Id.* (quotation marks omitted).

Jones does not argue that either of these exceptions is applicable here.

■ Jones bases his present claims on the inferences he would draw from trial testimony. Clearly, that testimony was known by Jones at the time of his direct appeal and his earlier postconviction petitions. The only evidence that Jones relies upon that is not from the trial record is the letter describing Swanson's cremation and burial. The information described in that letter was available at the time of Jones' trial. Moreover, Jones does not provide us with a clear statement of the relevance of that evidence to any of his claims.[4]

We conclude that the district court did not abuse its discretion when it summarily denied Jones' third petition for postconviction relief.

Affirmed.

---

4. To the extent that Jones' brief to this court raises other arguments that were not made in the district court, we decline to consider them. *State v. Sorenson*, 441 N.W.2d 455, 457 (Minn.1989).