Leon PERRY, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A05–169.

Supreme Court of Minnesota.

Nov. 10, 2005.

Rehearing Denied Jan. 10, 2006.

Leon Perry, Bayport, MN, Pro Se Appellant.

Mike Hatch, Attorney General, St. Paul, MN, Amy Klobuchar, Hennepin County Attorney, Donna J. Wolfson, Assistant Hennepin County Attorney, Minneapolis, MN, for Respondent.

Considered and decided by the court en banc without oral argument.

## OPINION

ANDERSON, G. BARRY, Justice.

Appellant Leon Perry appeals from a summary denial of his petition for postconviction relief alleging a violation of his Fourteenth Amendment rights. He also raises a claim of ineffective assistance of trial counsel that he did not raise to the postconviction court. We affirm the postconviction court's denial of Perry's petition and deny Perry's claim of ineffective assistance of trial counsel.

On November 16, 1995, a Hennepin County jury convicted Perry of the first-degree premeditated murder of Brian Thomas under Minn.Stat. § 609.185(a)(1) (2004). On the same day, the district court sentenced appellant to life in prison. This court's opinion issued in response to appellant's direct appeal provides a full statement of the facts in this case. *State v. Perry*, 561 N.W.2d 889, 891–93 (Minn. 1997). This court affirmed appellant's conviction, holding that the district court did not err by admitting an incriminating out-of-court statement offered to rebut defense counsel's suggestion that the police lied to appellant during his interrogation. *Id.* at

894. Additionally, this court denied appellant's claim that he received ineffective assistance of counsel because his counsel opened the door to the incriminating statement. *Id.* at 894–95. Finally, this court denied appellant's claim that the state violated his Sixth Amendment rights when, as a person of color, he was indicted by a 23–person grand jury that included no persons of color.[1]  *Id.* at 895–97.

On November 9, 2004, appellant filed a petition for postconviction relief claiming that the state violated his right to equal protection under the Fourteenth Amendment because there were no persons of color on the grand jury that indicted him. The postconviction court denied appellant's petition on the grounds that the claim was procedurally barred under *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976) ("*Knaffla* rule") and failed on the merits even if not barred.

On appeal to this court, appellant argues that his Fourteenth Amendment claim is not the same as his previously denied Sixth Amendment claim, and further argues, inter alia, that it therefore should not be procedurally barred. Additionally, in his appeal to this court, appellant has raised for the first time a new ineffective assistance of counsel claim.

■ A postconviction court "may summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case." Minn.Stat. § 590.04, subd. 3 (2004). Further, this court held in *Knaffla* that once a direct appeal has been taken, "all matters raised therein and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." 309 Minn. at 252, 243 N.W.2d at 741.

There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review. *Ives v. State,* 655 N.W.2d 633, 636 (Minn.2003). The second exception may be applied if fairness requires it and the petitioner did not "deliberately and inexcusably" fail to raise the issue on direct appeal. *Fox v. State,* 474 N.W.2d 821, 825 (Minn.1991). *Taylor v. State,* 691 N.W.2d 78, 79 (Minn. 2005).

■ It is clear that appellant knew or should have known about the equal protection claim prior to his direct appeal because the district court rejected the claim in a pretrial order. Although his pretrial motion to dismiss provided no specific legal basis for dismissal, citing only "racial bias" as the basis, the state's memorandum in response to the motion argued that appellant had failed to make the prima facie showing necessary for an equal protection challenge. The district court's order and memorandum denying appellant's "racial bias" claim determined that there was insufficient evidence that the racial composition of the grand jury violated appellant's "constitutional rights." This broad ruling in response to appellant's broad claims, coupled with the state's understanding that appellant was making an equal protection claim, strongly indicates that appellant knew about the equal protection claim prior to his direct appeal to this court. Thus, the postconviction court did not abuse its discretion when it determined that the *Knaffla* rule procedurally barred appellant from raising the claim in his petition for relief. *See Hanley v. State,* 534 N.W.2d 277, 279 (Minn.1995) (concluding that postconviction review is barred where appellant "knew or should have known" of claim at time of direct appeal).

---

1.  This court used the term "persons of color" to describe all potential jurors who did not self-identify as "white" on the jury questionnaire form.

We further conclude that Perry's equal protection claim meets neither exception to the *Knaffla* rule. Although Perry did not argue in his briefs to this court that the exceptions apply, we address these exceptions in the interests of judicial economy.

■ As to the first exception, his claim is not novel. In 1996 alone—the year immediately preceding Perry's direct appeal—two U.S. Courts of Appeals' opinions extensively analyzed equal protection claims very similar to his. *United States v. Esquivel*, 88 F.3d 722, 725 (9th Cir. 1996); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1407–09 (2d Cir.1996). We have held that a claim was not novel when there were "several published cases" regarding the claim that "diligent criminal defense attorneys" would have uncovered when making a direct appeal. *Ademodi v. State*, 616 N.W.2d 716, 718 (Minn.2000). As to the second exception to the *Knaffla* rule, fairness does not require that we review a claim that Perry should have known about more than nine years ago. We have previously declined to utilize the fairness exception when the petitioner did not argue that the exception applied and when the petitioner failed to articulate facts supporting the application of the exception. *Jones v. State*, 671 N.W.2d 743, 746 (Minn.2003). That analysis clearly applies here. Accordingly, we hold that the postconviction court did not abuse its discretion when it invoked the *Knaffla* rule to bar Perry's equal protection claim.[2]

■ We turn next to Perry's claim of ineffective assistance of counsel, an argument not made to the postconviction court.[3] The gist of Perry's ineffective assistance of counsel claim is that his trial counsel erred by failing to object to the jury's return of one signed verdict form and five unsigned forms. The district court instructed the jury on the crimes charged and then provided the jury with six possible verdict forms—one form for each of the five separate charges indicating that Perry was guilty and one form indicating that he was not guilty. The district court instructed the jury to sign one of the verdict forms and return the others unsigned. Perry apparently contends that the jury's act of returning all of the unsigned verdict forms, in addition to returning the signed form reflecting a conviction for premeditated murder, is the same as the jury "returning" a verdict finding Perry guilty of each of the crimes charged.[4] He then argues that the jury therefore convicted him of two inconsistent crimes—first-degree premeditated murder and second-degree manslaughter. Finally, he argues that his trial counsel erred by not objecting to a sentence for first-degree murder "in light of the convictions for the lesser included offenses as well."

■ In his appeal from denial of postconviction relief, Perry did not address the effect of the *Knaffla* rule on his ineffective assistance of counsel claim. If he had, it

---

2. We note that Perry's equal protection claim relies on the same argument and statistics of minority underrepresentation as appellant's claim in *State v. Willis*, 559 N.W.2d 693, 700–01 (Minn.1997). We rejected Willis's claim in that case, and Perry provides no analysis articulating why that precedent should be overturned.

3. Although issues not raised to the district court are generally waived, we analyze Perry's claim under the *Knaffla* rule in the interests of judicial economy. *Roby v. State*, 547 N.W.2d 354, 357 (Minn.1996); *see Brookfield Trade Ctr., Inc. v. County of Ramsey*, 609 N.W.2d 868, 873 n. 6 (Minn.2000) (noting that this court may address issues not otherwise ripe for appeal in the interest of justice and judicial economy).

4. Appellant does not take his argument to its logical terminus—that the jury returned a verdict of "not guilty" by returning that verdict form unsigned.

would have been difficult for him to contend that he did not know that the jury had returned five unsigned verdict forms. Additionally, it is clear that he knew that he could raise an issue of ineffective assistance of counsel on direct appeal because he did raise such a claim. *Perry,* 561 N.W.2d at 894. The *Knaffla* rule therefore bars his claim.

 Nor are the exceptions to the *Knaffla* rule helpful to Perry. His claim is only novel because it is based on his misunderstanding that the return of multiple unsigned verdict forms is the equivalent of inconsistent verdicts. Additionally, he articulates no reason why fairness dictates an exception to the *Knaffla* rule. We have declined to invoke the fairness exception to the *Knaffla* rule where the petitioner provides no adequate reasons for its application. *E.g., Hale v. State,* 566 N.W.2d 923, 926–27 (Minn.1997); *Roby v. State,* 531 N.W.2d 482, 484 (Minn.1995). Moreover, our own careful review of the record reveals no reason for invoking the fairness exception here.

We conclude that the *Knaffla* rule bars Perry's ineffective assistance of counsel claim.

Affirmed.

BLATZ, C.J., took no part in the consideration or decision of this case.