Leon M. PERRY, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A06–1562.

Supreme Court of Minnesota.

May 3, 2007.

Leon M. Perry, Bayport, MN, Pro Se.

Lori Swanson, Attorney General, St. Paul, MN, Mike Freeman, Hennepin County Attorney, Donna J. Wolfson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

MEYER, Justice.

Leon M. Perry appeals from a summary denial of his second petition for postconviction relief arguing that the state's failure to prove a violation of Minn.Stat. § 609.11 (1994),[1] a firearm sentencing statute, violates his rights under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We affirm the postconviction court's denial of Perry's petition.

---

1. In *State v. Barker*, this court found Minn. Stat. § 609.11 (2004) to be unconstitutional to the extent that it authorized the district court to make an upward durational departure without the aid of a jury. 705 N.W.2d 768, 773 (Minn.2005). Minnesota Statutes § 609.11, subd. 7, was amended in 2006 to provide that a factfinder must make any de- terminations leading to an upward departure. Act of June 1, 2006, ch. 260, art. 1, § 13, 2006 Minn. Laws 707, 717–18 (codified at Minn. Stat. § 609.11, subd. 7 (2006)). Because Perry was sentenced to life imprisonment under Minn.Stat. § 609.185(a)(1) (2006), the changes have no impact on Perry's petition.

On November 16, 1995, a Hennepin County jury convicted Perry of first-degree premeditated murder under Minn. Stat. § 609.185(a)(1) (2006)[2] for the shooting death of Brian Thomas. The district court sentenced Perry to life in prison.

On direct appeal Perry challenged his conviction, claiming that the district court committed reversible error by admitting into evidence an out-of-court statement implicating Perry in the shooting and alleging that his conviction should be reversed because there were no minorities on the grand jury that indicted him. *State v. Perry*, 561 N.W.2d 889, 891 (Minn.1997). This court affirmed Perry's conviction concluding that the district court did not err in admitting the out-of-court statement offered to rebut defense counsel's assertion that Perry was lied to during his interrogation, denying Perry's related ineffective assistance of counsel claim, and denying Perry's claim that his Sixth Amendment rights were violated because he was indicted by a grand jury that included no person of color. *Id.* at 894–97.

Seven years later, on November 9, 2004, Perry filed his first petition for postconviction relief alleging that the state violated his right to equal protection under the Fourteenth Amendment because there were no persons of color on the grand jury that indicted him. *Perry v. State*, 705 N.W.2d 572, 574 (Minn.2005). The postconviction court denied Perry's petition as procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). On appeal to this court, Perry argued that his Fourteenth Amendment claim was distinct from the Sixth Amendment claim asserted on his direct appeal and therefore not procedurally barred. Perry also asserted a new ineffective assistance of counsel claim on appeal. This court affirmed the denial of postconviction relief and rejected Perry's ineffective assistance of trial counsel claim. *Perry*, 705 N.W.2d at 575–76.

Perry filed a second petition for postconviction relief on April 21, 2006. In his second petition Perry alleged that his conviction should be reversed in the interests of justice because he did not have sufficient notice that he was being charged with committing a murder with a firearm under Minn.Stat. § 609.11, a firearm sentencing statute, and that the state failed to present the Minn.Stat. § 609.11 issue to a jury as required under *Blakely v. Washington* and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The postconviction court denied Perry's petition, finding that Perry was given clear and usual notice with regard to the firearm charge. The postconviction court further concluded that neither *Apprendi* nor *Blakely* applied to Perry because his conviction was final years before either case was decided and Perry was sentenced pursuant to Minn.Stat. § 609.185(a)(1), which mandates life imprisonment—a penalty that cannot be altered, either up or down, by the district court.

■ On appeal to this court, Perry argues that *Knaffla* is inapplicable because his petition involves an issue of subject matter jurisdiction and that under Minn. R.Crim. P. 10.03 the court may take notice of the lack of jurisdiction over an offense at any time during the proceeding. Perry also contends that because the errors he

---

**2.** The legislature relabeled Minn.Stat. § 609.185(1), changing it to Minn.Stat. § 609.185(a)(1) effective July 1, 2002. Act of May 22, 2002, ch. 401, § 15, 2002 Minn. Laws 1673, 1683. None of the relevant language in the statutory provision cited in this opinion was changed. Accordingly, for simplicity, we cite to the 2006 edition of the Minnesota Statutes.

asserts are fundamental and affect his substantive rights, they must be corrected in the interest of justice.

In a postconviction proceeding, the defendant bears the burden of establishing by a fair preponderance of the evidence facts that warrant reopening the case. Minn.Stat. § 590.04, subd. 3 (2006). The scope of our review in a postconviction proceeding is limited to whether there is sufficient evidence to sustain the findings of a postconviction court. *Barness v. State*, 290 Minn. 509, 510, 187 N.W.2d 111, 112 (1971). A postconviction court's decision to grant or deny a new trial will not be disturbed unless there is an abuse of discretion. *Fox v. State*, 474 N.W.2d 821, 824 (Minn.1991).

Claims asserted in a second or subsequent postconviction petition are procedurally barred under this court's *Knaffla* rule if they could have been raised on direct appeal or in a previous postconviction petition. *Schleicher v. State*, 718 N.W.2d 440, 449 (Minn.2006) (citing *Jones v. State*, 671 N.W.2d 743, 746 (Minn.2003)); *see also Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. There are two exceptions to the *Knaffla* rule: (1) a claim is so novel that the legal basis was not available on direct appeal, or (2) the interests of justice require review. *White v. State*, 711 N.W.2d 106, 109 (Minn.2006). The second exception applies if fairness requires it and the petitioner did not deliberately and inexcusably fail to raise the claim on direct appeal. *Id.*

Perry's second postconviction petition for relief is premised on the inclusion of Minn.Stat. § 609.11 in his indictment. When Perry was indicted, he was charged with one count of murder in the first degree under Minn.Stat. §§ 609.185(1) (1994) (premeditated murder), 609.11 (minimum sentence for firearms) and one count of murder in the second degree under Minn.

Stat. §§ 609.19(1) (1994) (intentional murder), 609.11 (minimum sentence for firearms). According to Perry, Minn.Stat. § 609.11 is an element of first-degree murder, or alternately a separate substantive crime, and therefore must be proven beyond a reasonable doubt to both a grand jury and trial jury. Because Minn.Stat. § 609.11 was not submitted to a jury, Perry argues that he was sentenced in violation of *Blakely* and *Apprendi*. Perry further asserts that this is a violation of his due process rights under the Sixth and Fourteenth Amendments to the United States Constitution and article 1, sections 6 and 7 of the Minnesota Constitution. Perry contends that because Minn.Stat. § 609.11 is a separate offense, Minn. R.Crim. P. 17.03 was violated because it did not properly appear on the indictment and was not submitted to a jury.

The state responds that Perry's Minn. Stat. § 609.11 argument is procedurally barred under *Knaffla* and notes that even if it were not barred, his subject matter jurisdiction claim is without merit because Minn.Stat. § 609.11 is a sentencing enhancement statute, not a separate offense or element of a substantive offense, and jurisdiction has been properly established.

All of the claims raised in Perry's second petition for postconviction relief are procedurally barred by the *Knaffla* rule. To the extent that Perry is arguing that Minn. Stat. § 609.11 should have been charged as an independent crime, his argument is *Knaffla*-barred. It is clear that Perry knew or should have known about this claim prior to his direct appeal because Perry's indictment stated that "on or about July 8, 1995, in Hennepin County, Minnesota, LEON MONALITO PERRY, *while using a firearm within the meaning of Minn.Stat. § 609.11* caused the death of Br[i]an Evan Thomas, a human being, with premeditation and with intent to effect the

death of that person, or another." (Emphasis added.) Perry's failure to raise his claim on direct appeal bars his current claim under *Knaffla*. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

Moreover, to the extent that Perry argues that *Apprendi* and *Blakely* error applies because Minn.Stat. § 609.11 was an element of the crime that should have been proven to the jury beyond a reasonable doubt, this argument is also *Knaffla*-barred. The *Blakely* opinion was issued on June 24, 2004. Perry's first petition for postconviction relief was filed on November 9, 2004. Any *Blakely* challenge should have been known to Perry at the time of his first petition for postconviction relief and could have been raised at that time; such claims need not now be considered by the court. *See Jones,* 671 N.W.2d at 746. Therefore, we conclude that the postconviction court did not abuse its discretion when it determined that *Knaffla* barred Perry from raising the claim in his current petition for relief.

■ We further conclude that neither exception to the *Knaffla* rule applies because Perry's claims are not novel and the interests of justice do not otherwise require review. This is not an instance in which the argument that Perry makes was unavailable to him at the time of Perry's direct appeal or first petition for postconviction relief. Second, fairness does not require that we review a claim when Perry has not presented a colorable explanation of why he failed to raise these claims previously.

■ Even if Perry's claims were not *Knaffla*-barred, his claims would fail on the merits. Perry argues that failure to submit Minn.Stat. § 609.11 to the grand jury deprives the court of jurisdiction and that a jurisdictional argument cannot be waived. Contrary to Perry's assertion, the presence of Minn.Stat. § 609.11 in his in-

dictment does not create a jurisdictional issue. Minnesota Statutes § 609.11 is a sentencing statute. It is used to establish a minimum sentence based on the aggravating factor of having committed a crime while using a firearm, and at the time of Perry's conviction it did not need to be submitted to a jury. Jurisdiction over criminal offenses is governed by Minn. Stat. § 609.025 (2006). Jurisdiction to convict and sentence a defendant is established if the defendant "commits an offense in whole or in part within this state." Minn.Stat. § 609.025. Since there is no dispute that Perry committed an offense within the state, jurisdiction exists to convict and sentence Perry.

■ Perry also incorrectly argues that *Apprendi* and *Blakely* apply because Minn.Stat. § 609.11 should have been proven to a jury beyond a reasonable doubt. This court has held that *Blakely* is inapplicable to collateral attacks on criminal prosecutions. *State v. Houston,* 702 N.W.2d 268, 273 (Minn.2005). In this case, Perry's conviction was final almost a decade before *Blakely* was decided. Perry's postconviction proceeding is a collateral attack on his conviction to which *Blakely* is inapplicable.

Affirmed.