Donald Albin BLOM, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A07–782.

Supreme Court of Minnesota.

Dec. 27, 2007.

Rehearing Denied Feb. 7, 2008.

Lori Swanson, Attorney General, John B. Galus, Assistant Attorney General, St. Paul, MN, Thomas H. Pertler, Carlton County Attorney, Carlton, MN, for Respondent.

## OPINION

MEYER, Justice.

Appellant Donald Albin Blom appeals from the summary denial of his petition for postconviction relief. We affirm.

On August 16, 2000, following a trial at the Saint Louis County Courthouse in the City of Virginia, Minnesota, a jury found Blom guilty of first-degree murder com-

mitted in the course of a kidnapping, in connection with the disappearance and death of Kathlyn Poirier. *State v. Blom*, 682 N.W.2d 578, 588 (Minn.2004).[1] Blom was sentenced to life in prison, without the possibility of parole, *id.*, and is currently serving his sentence out of state.

Blom appealed his conviction, and then requested a stay of his appeal while he sought postconviction relief. *Id.* at 605–06. In that first postconviction petition, Blom sought relief on the grounds that he had been denied his rights to effective assistance of trial counsel, to self-representation, to a fair trial (because of excessive media coverage), to present exculpatory evidence, to a second change of venue, and against self-incrimination (because his statement was not voluntary). *Id.* at 606. The postconviction court held a hearing in June 2002 for the purpose of receiving evidence regarding Blom's ineffective assistance of counsel claim. *Id.* Blom's petition was denied. *Id.* at 607.

Blom's direct appeal was consolidated with his appeal of the postconviction court's order, and this court affirmed both in its July 2004 opinion. *Id.* at 626. In July of 2005, Blom filed a second petition for postconviction relief, which the district court denied without an evidentiary hearing. That decision was not appealed. Blom asserts that the court failed to notify him of the order.

In January 2007, Blom filed a "Motion to Compel," asking that the district court grant his petition for postconviction relief. The district court treated the motion as a third petition for postconviction relief, and denied it without an evidentiary hearing, finding that all matters therein were *Knaffla*-barred. In this appeal, Blom appears to make five different claims: (1) that the district court did not apply the appropriate standard when reviewing his pro se petition for postconviction relief; (2) that because his confession was coerced, its admission into evidence violated his Fifth and Fourteenth Amendment rights; (3) that the district court improperly asserted subject matter jurisdiction over federal charges by misleading him into believing that his confession would result in resolution of federal firearms charges, and by issuing orders interfering with Blom's access to his federal public defender; (4) that he has been improperly denied the opportunity to develop evidence demonstrating his actual innocence, evidence about "coordinate jurisdiction," and a trial record of "illegal collusion" and "[j]udicial dishonesty"; and (5) that he is being improperly held out of state to prevent him from perfecting his appeal.

 When a person convicted of a crime petitions for postconviction relief, the postconviction court must hold an evidentiary hearing unless the "files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2006). The petitioner bears the burden of establishing by a fair preponderance of the evidence facts that warrant reopening the case. Minn.Stat. § 590.04, subd. 3 (2006). When reviewing a postconviction court's denial of relief, this court examines whether the findings are supported by the evidence. *Perry v. State*, 731 N.W.2d 143, 146 (Minn. 2007). The decision to grant or deny a new trial will not be disturbed absent an abuse of discretion. *Id.*

 Claims asserted in a second or subsequent postconviction petition are procedurally barred under this court's *Knaffla* rule if they were raised in a direct appeal or a previous postconviction petition, or if they could have been raised in either. *Id.;*

---

1. A comprehensive statement of the facts can be found in our decision on direct appeal.

*State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). There are two exceptions to this rule. A claim may be considered despite the *Knaffla* bar if it is so novel that its legal basis was unavailable on direct appeal, or if the interests of justice require its consideration. *Perry*, 731 N.W.2d at 146 (citing *White v. State*, 711 N.W.2d 106, 109 (Minn.2006)). The second exception applies when fairness requires review and the petitioner did not deliberately and inexcusably fail to raise the claim on direct appeal. *Id.*

■ We have reviewed each of Blom's claims in this, his third petition for postconviction relief, and conclude that they are *Knaffla*-barred. The exceptions to the *Knaffla* rule do not apply. Therefore, we conclude that the postconviction court did not abuse its discretion in denying Blom's petition without an evidentiary hearing.

Affirmed.