**Leon M. PERRY, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A07–2454.**

Supreme Court of Minnesota.

July 31, 2008.

Leon Perry, Bayport, MN, for appellant.

Attorney General-Criminal, St. Paul, MN, J. Michael Richardson, Asst. County Atty., Minneapolis, MN, for respondent.

## OPINION

GILDEA, Justice.

Appellant Leon M. Perry appeals from a summary denial of his third and fourth postconviction petitions. We affirm.

Following a jury trial in Hennepin County, Perry was found guilty of first-degree murder, Minn.Stat. § 609.185(a)(1) (2006),[1] for the shooting death of Brian Thomas outside the Riverview Supper Club in Minneapolis on July 8, 1995. *State v. Perry*, 561 N.W.2d 889, 891–93 (Minn. 1997). Perry was convicted and sentenced to life in prison. *Id.* at 891. On direct appeal, he argued that the district court committed reversible error by admitting inadmissible hearsay and that his Sixth Amendment rights were violated because no persons of color were on the grand jury that indicted him. *Id.* at 891, 894. We affirmed.

Seven years later, Perry filed his first petition for postconviction relief, claiming a violation of his Fourteenth Amendment

---

1. The legislature renumbered Minn.Stat. § 609.185(1), changing it to Minn.Stat. § 609.185(a)(1) effective July 1, 2002. Act of May 22, 2002, ch. 401, § 15, 2002 Minn. Laws 1673, 1683. None of the relevant language in the statutory provision cited in this opinion was changed. Accordingly, for simplicity, we cite to the 2006 edition of the Minnesota Statutes.

right to equal protection based on the racial composition of the grand jury and ineffective assistance of counsel for failing to raise this equal protection claim. *Perry v. State,* 705 N.W.2d 572, 574 (Minn.2005). We affirmed the postconviction court's summary denial of relief on the ground that Perry's claims were barred by the rule announced in *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), and we concluded that a new claim of ineffective assistance of counsel, raised by Perry for the first time on appeal, was also barred by the rule of *Knaffla. Perry,* 705 N.W.2d at 574, 576.

Perry filed his second petition for postconviction relief in April 2006 arguing that his Sixth Amendment right to a jury trial was violated because the State did not submit and prove beyond a reasonable doubt a violation of Minn.Stat. § 609.11 (2006), in accordance · with *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *Perry v. State,* 731 N.W.2d 143, 145, 147 (Minn.2007). The postconviction court summarily denied relief, concluding that Perry's claim was meritless because *Blakely* did not apply retroactively to his claim and because Perry was sentenced to a mandatory term of life imprisonment. *Id.* at 145. We affirmed. *Id.* at 147.

On July 25, 2007, Perry filed his third petition for postconviction relief. He subsequently amended his petition, filed a separate (fourth) petition,[2] filed responsive memoranda, and made a number of motions in regard to his postconviction petitions. The postconviction court denied all

his claims without a hearing. Perry appeals, arguing: (1) his right to a jury trial was violated because the jury did not make any findings regarding Minn.Stat. § 609.11; (2) his right to a fair trial was violated by prosecutorial misconduct; and (3) the postconviction court erred by not ruling on Perry's various postconviction motions.

A person convicted of a crime may petition the district court for postconviction relief under Minn.Stat. § 590.01, subd. 1 (2006). The petition must contain a "statement of the facts and the grounds upon which the petition is based and the relief desired." Minn.Stat. § 590.02, subd. 1(1) (2006). A postconviction court must hold an evidentiary hearing if the petitioner alleges facts that, "if proved, would entitle [the] petitioner to the requested relief." *Cooper v. State,* 745 N.W.2d 188, 190 (Minn.2008) (alteration in original) (internal quotation marks omitted). But a petitioner is prohibited from raising a claim in a petition for postconviction review if that claim was already raised on direct appeal or if that claim was known or should have been known, but was not raised, at the time of direct appeal. *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741.[3] On review of a postconviction court's denial of relief, we review factual findings "to determine if there is sufficient evidence in the record to sustain them," and we review any legal claims de novo. *Ganpat v. State,* 746 N.W.2d 891, 892–93 (Minn. 2008).

---

**2.** Perry filed a motion to amend his third postconviction petition after the postconviction court had already denied relief; the postconviction court treated this motion as Perry's fourth petition for postconviction relief.

**3.** The only exceptions to *Knaffla* are (1) for claims so novel "that the legal basis was not

available on direct appeal" or (2) when fairness requires the issue be considered and "the petitioner did not deliberately and inexcusably fail to raise the issue on appeal." *Buggs v. State,* 734 N.W.2d 272, 274 (Minn.2007) (internal quotation marks omitted).

## I.

■ Perry first claims that his right to due process was violated because his use of a firearm, as required to enhance his sentence under Minn.Stat. § 609.11, was not submitted as an element and proved beyond a reasonable doubt to the jury.[4] Perry raised this claim in his second petition for postconviction relief and on appeal from the denial of that petition. *Perry*, 731 N.W.2d at 146. We concluded that the claim was barred by *Knaffla*. *Id.* at 146–47. We also addressed the merits of this claim, noting that the rule in *Blakely* is not retroactive. *Id.* at 147 (citing *State v. Houston*, 702 N.W.2d 268, 273 (Minn. 2005)). The claim therefore is barred by *Knaffla*.[5]

We hold that the postconviction court did not err in denying Perry's claim for relief based on section 609.11.

## II.

■ Perry next claims that one of the prosecutors at his trial committed misconduct warranting a new trial. Specifically, Perry argues that the prosecutor's June 2006 guilty plea to a felony fifth-degree controlled substance offense violated the Minnesota Rules of Professional Conduct and that the prosecutor's admitted ongoing drug addiction means he was under the influence of drugs while prosecuting Perry's case. Perry argues that the prosecutor's misconduct included, among other things: telling a witness to lie to the grand jury, introducing hearsay statements, allowing police officers to give false testimony, and committing misconduct in the State's opening statement and closing arguments.

We look first at the specific instances of alleged misconduct. Perry knew or should have known of all of the specific instances of misconduct he cites at the time of direct appeal. Perry's claims regarding misconduct related to the grand jury, hearsay statements, false testimony, and the opening and closing statements therefore are barred by *Knaffla*. *See, e.g., Cooper*, 745 N.W.2d at 191.

■ In addition to these specific instances, Perry also claims that the prosecutor must have been on drugs during his trial and that the prosecutor therefore must have committed prejudicial misconduct. This claim seems to be based on the prosecutor's acknowledgment that he struggled with drug abuse for some time, and it does not appear to be a claim that Perry knew or should have known about at the time of his direct appeal. We therefore conclude that the claim is not subject to the *Knaffla* bar, and we turn next to the question of whether the postconviction court erred in denying the claim without an evidentiary hearing.

■ When we review the decision to deny a postconviction petition without a hearing, "we resolve any doubts about whether an evidentiary hearing is required in favor of the petitioner." *Patterson v.*

---

4. Section 609.11 provides a mandatory minimum sentence for defendants who commit certain felonies using a firearm. Minn.Stat. § 609.11, subd. 5(a). Because section 609.11 "functions the same as an aggravating factor by increasing what otherwise would be the presumptive sentence," we have held that under *Blakely* a defendant cannot be sentenced under section 609.11 without either findings made by the fact finder or an admission by the defendant. *State v. Barker*, 705 N.W.2d

768, 772 (Minn.2005) (internal quotation marks omitted).

5. Moreover, as noted in our opinion on Perry's appeal from the denial of his second petition for postconviction relief, "[b]ecause Perry was sentenced to life imprisonment under Minn.Stat. § 609.185(a)(1) (2006), the changes [to section 609.11] have no impact on Perry's petition." 731 N.W.2d at 144 n. 1.

*State*, 670 N.W.2d 439, 441 (Minn.2003). But if the petition, files, and the record conclusively show that the petitioner is entitled to no relief, we do not require an evidentiary hearing. *Id.*; Minn.Stat. § 590.04, subd. 1 (2006). In order to warrant an evidentiary hearing, a petitioner's allegations "must be more than argumentative assertions without factual support." *Stutelberg v. State*, 741 N.W.2d 867, 872 (Minn.2007) (internal quotation marks omitted). Perry has not met this standard.

Although the prosecutor pleaded guilty to a felony, the prosecutor's offense occurred nearly a decade after Perry's trial and Perry has not asserted any facts related to his own trial to support his generic claim of misconduct.[6] Perry's general assertion that the prosecutor was using controlled substances while prosecuting Perry's trial is an argumentative assertion without factual support. Likewise, Perry's unsupported speculation that the prosecutor's alleged drug use during the trial must have lead to unspecified misconduct does not entitle Perry to an evidentiary hearing.

We hold that the postconviction court did not err in denying Perry's prosecutorial misconduct claim without an evidentiary hearing.

### III.

Perry's last claim is that the postconviction court erred because it did not respond to Perry's motions as required by Minn. Stat. § 546.27, subd. 1 (2006). This statute requires courts to act on "all motions and matters submitted to a judge for a decision in trial and appellate matters" within 90 days. *Id.* We have carefully reviewed the record and are satisfied that the postcon-

viction court responded to all of Perry's motions in either its October 16, 2007 or December 7, 2007 orders. We hold that Perry is not entitled to any relief on this claim.

Affirmed.

---

**6.** To the extent Perry alleged any specific facts, those claims are addressed above and are *Knaffla*-barred.