*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0179**

Hassan Mohamed Abdillahi, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 1, 2016
Affirmed
Cleary, Chief Judge**

Hennepin County District Court
File No. 27-CR-08-52463

Hassan M. Abdillahi, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Cleary, Chief Judge; Connolly, Judge; and Toussaint, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**CLEARY**, Chief Judge

Appellant Hassan Mohamed Abdillahi challenges the denial of his third petition for postconviction relief, arguing that the district court abused its discretion by finding that all issues raised by the petition are *Knaffla*-barred. Because the district court did not abuse its discretion by denying the petition, we affirm.

**FACTS**

A.H. was shot and killed in September 2008 outside a mall in Minneapolis. A surveillance video showed three people standing outside the mall: A.H., A.I., and S.M. A hooded individual spoke with the three people and then walked away. A.I. and S.M. then entered the mall, and the hooded individual returned and shot A.H. A.I. and S.M. identified appellant as the hooded individual. A.I. testified to this identification at trial. In June 2009, a jury found appellant guilty of second-degree intentional murder. The conviction was affirmed by this court, and review was denied by the Minnesota Supreme Court. *State v. Abdillahi*, No. A09-2011, 2011 WL 691623 (Minn. App. Mar. 1, 2011), *review denied* (Minn. May 17, 2011).

Appellant has repeatedly sought postconviction relief. In June 2013, this court affirmed the denial of his first petition for postconviction relief, and in August 2015, this court affirmed the denial of his second petition for postconviction relief.

2

On January 12, 2016, the district court denied appellant's third petition for postconviction relief without a hearing. In its memorandum denying relief, the district court stated that

> all of the claims raised in the Third Petition . . . were raised, were known, or should have been known at the time of Petitioner's appeal, first Petition for Post-Conviction Relief, and/or second Petition for Post-Conviction Relief. As a consequence, all of the claims raised in the Third Petition are *Knaffla*-barred.

Finally, the court concluded that none of the exceptions to the *Knaffla* rule are applicable in this case. This appeal followed.

## D E C I S I O N

Appellant argues that the district court abused its discretion by denying each issue raised in his petition without an evidentiary hearing and by denying his collateral motions. Appellant's petition raised claims of ineffective assistance of counsel and prosecutorial misconduct and moved to compel the production of evidence that appellant believes would be exculpatory.

A defendant is permitted to seek postconviction relief requesting a court to "vacate and set aside the judgment . . . or grant a new trial . . . or make other disposition as may be appropriate." Minn. Stat. § 590.01, subd. 1 (2014). "Unless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief, the court shall promptly set an early hearing on the petition . . . ." Minn. Stat. § 590.04, subd. 1 (2014). A summary denial of a postconviction petition is reviewed for an abuse of

discretion. *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013). We review issues of law de novo and factual findings for sufficiency of the evidence supporting them. *Id.*

A person convicted of a crime is entitled to postconviction review, but claims that have been fully and finally litigated should not be re-litigated on subsequent appeals or petitions. *State v. Knaffla*, 309 Minn. 246, 253, 243 N.W.2d 737, 741 (1976). Additionally, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief." *Id.*; *see Jones v. State*, 671 N.W.2d 743, 746 (Minn. 2003) (extending the *Knaffla* bar to matters raised in a prior postconviction-relief petition). "The *Knaffla* rule also bars any claims not made but about which a petitioner knew or should have known at the time of an earlier appeal or petition." *Walen v. State*, 777 N.W.2d 213, 215 (Minn. 2010). An exception to the *Knaffla* rule applies when (1) a novel issue has been raised or (2) the interests of justice require review. *Carridine v. State*, 867 N.W.2d 488, 493 (Minn. 2015).

**Ineffective assistance of counsel**

Appellant alleges that both his trial counsel and appellate counsel provided him ineffective assistance. To demonstrate ineffective assistance of counsel, a defendant "must affirmatively prove that his counsel's representation 'fell below an objective standard of reasonableness' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)).

First, appellant contends that his trial counsel's alleged failure to acquire documentation of A.I.'s November 6, 2008 statements, including a memorandum describing the statements, constitutes ineffective assistance. This argument is *Knaffla*-barred. Appellant claims that he could not have raised this argument in earlier petitions because the state first provided appellant with the relevant memorandum in March 2014. As of March 2014, appellant was litigating his second petition for postconviction relief in the district court and, in May 2014, appellant had an evidentiary hearing on claims raised in his second petition. Appellant knew or should have known at this time of any ineffectiveness claim regarding the failure of trial counsel to investigate, acquire documentation, or take action against the state regarding the memorandum. He did not raise this issue in that previous postconviction proceeding and therefore cannot raise it in this subsequent petition.

Second, appellant argues that his appellate counsel's personal relationships created conflicts of interest that rendered his counsel ineffective. Appellant made this argument in an earlier petition, and this court denied relief. *Abdillahi v. State (Abdillahi II)*, No. A12-1477, 2013 WL 2924900, at *5-6 (Minn. App. June 17, 2013), *review denied* (Minn. Aug. 20, 2013). This issue is *Knaffla*-barred.

**Prosecutorial misconduct**

Appellant seems to raise three grounds to support a claim of prosecutorial misconduct, none of which were objected to at trial. "[B]efore an appellate court reviews unobjected-to trial error, there must be (1) error, (2) that is plain, and (3) affects substantial rights." *State v. Ramey*, 721 N.W.2d at 294, 302 (Minn. 2006).

5

First, appellant argues that if the prosecution is unable to produce certain evidence of A.I.'s pretrial statements, this amounts to misconduct. The premise of this argument is speculation that, if the district court compels disclosure of A.I.'s statements and the prosecution is unable to produce them, it will amount to misconduct. "The petitioner's allegations must be more than argumentative assertions without factual support." *Hodgson v. State*, 540 N.W.2d 515, 517 (Minn. 1995) (quotation omitted). Appellant has not provided any support for this allegation; it is based on speculation about future events. Although this issue was not raised in earlier petitions and does not appear to be *Knaffla*-barred, it was not an abuse of discretion for the district court to deny this claim for relief because it had no factual support.

Second, appellant argues that the prosecution allowed A.I.'s false testimony to go uncorrected. The district court held evidentiary hearings in an earlier postconviction proceeding on the claim that A.I. gave false testimony. *Abdillahi v. State* (*Abdillahi III*), No. A14-1795, 2015 WL 4877721, at *2 (Minn. App. Aug. 17, 2015), *review denied* (Minn. Sept. 29, 2015), *cert. denied*, 136 S. Ct. 1204 (2016). It concluded that testimony regarding A.I.'s alleged recantation was not corroborated and therefore denied appellant's request for a new trial. *Id.* at 3-5. Appellant does not explain why he could not have raised the closely related issue of the prosecutor's duty to correct allegedly false testimony in that previous proceeding. Because appellant knew or should have known of this argument at the time of the earlier petitions, this issue is *Knaffla*-barred.

Finally, appellant argues that the prosecution's failure to disclose A.I.'s November 6, 2008 statements constitutes prosecutorial misconduct that denied him a fair trial. The

6

district court concluded that this claim was *Knaffla*-barred. Appellant argues that he could not have raised the issue in earlier appeals because he was not aware of the misconduct until February 2014, when he discovered that his trial counsel had not received this evidence, and therefore the argument fits an exception to the *Knaffla* rule.

There are two exceptions to the *Knaffla* rule. A claim otherwise *Knaffla*-barred should nonetheless be considered if it is "(1) an issue so novel that its legal basis was not reasonably available at the time of the direct appeal, or (2) in the interest of justice—when fairness so requires and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Carridine*, 867 N.W.2d at 493 (quotation omitted).

As discussed above, appellant was aware in March 2014 that trial counsel had not received the memorandum of A.I.'s statements. On March 10, 2014, soon after appellant learned of the prosecution's alleged failure to produce the memorandum, appellant filed a motion for leave to supplement his second petition for postconviction relief. At that time, appellant's second petition for postconviction relief was still pending before the district court.

This motion was denied. The district court stated, "Petitioner's frequent requests, to amend, add to, and make collateral motions in connections with his petitions for post-conviction relief have a dilatory effect on the process by making it unnecessarily complex and diluting focus from the key issues raised." The district court did not discuss the merits of the additional claims that appellant sought to add to the petition.

Appellant attempted to amend his second petition to raise this prosecutorial misconduct issue immediately after learning the relevant facts. The failure to successfully

7

amend the petition in *Abdillahi III* to raise this issue appears unintentional and excusable. However, even assuming that appellant's argument is not barred because it satisfies a *Knaffla* exception, the argument fails on the merits.

Appellant argues that the state's failure to provide the memorandum to his trial counsel violated his due process rights. "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963). "First, the evidence at issue must be favorable to the accused, either because it is exculpatory or it is impeaching. Second, the evidence must have been suppressed by the state, either willfully or inadvertently. Third, prejudice to the accused must have resulted." *Pederson v. State*, 692 N.W.2d 452, 459 (Minn. 2005) (citations omitted). Because a *Brady* analysis involves a mixed issue of fact and law, we review a district court's materiality determination de novo. *Id.* at 460.

Appellant argues that the memorandum of A.I.'s pretrial statements "contained both exculpatory and impeaching evidence" and that the prosecution misrepresented at trial that it had provided the document to the defense. Appellant has produced a letter from his trial counsel stating that counsel believes he did not receive the memorandum before or during trial.

The supreme court has found that a summary of a significant witness's pretrial statements satisfies the first two components of *Brady*. In *Pederson*, a petitioner sought postconviction relief, arguing that the prosecution had committed misconduct by failing to

disclose "a seven-page summary . . . of [a witness's] police statement and grand jury testimony compiled by the state but not disclosed to appellant's counsel." *Id.* at 454. "The Supreme Court has stated that [w]hen the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within the Brady rule." *Id.* at 460 (alteration in original) (quotation omitted). The *Pederson* court concluded that because the witness's testimony was based in part on the witness's review of the undisclosed summary, and because the testimony was significant to the state's case, failure to disclose the summary was erroneous. *Id.*

Similarly, the summary of A.I.'s pretrial statements was provided to A.I. when he testified at trial. His testimony and identification of appellant were extremely significant to the state's case. Under *Pederson*, appellant appears to satisfy the first two components of *Brady*.

The third component of *Brady* analysis is materiality. We make a materiality determination by considering the effect the undisclosed evidence would have had in the context of the whole trial record. *State v. Poganski*, 257 N.W.2d 578, 580 (Minn. 1977). Evidence is material under *Brady* "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *State v. Hunt*, 615 N.W.2d 294, 299 (Minn. 2000) (quotation omitted). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Pederson*, 692 N.W.2d at 460 (quotation omitted). A new trial is not required simply because a defendant uncovers previously undisclosed evidence that would have been potentially

9

useful to the defendant but unlikely to have changed the verdict. *Poganski*, 257 N.W.2d at 579-80.

Appellant cites two facts that allegedly make the undisclosed evidence material. First, appellant identifies "A.I.'s statement that he did not want to and would not testify at the November 6, 2008 Grand Jury Hearing." This is not relevant to the outcome of appellant's trial and certainly does not meaningfully undermine that outcome.

Second, appellant identifies "A.I.'s statement that he could not identify the suspect because the suspect's face was concealed." This could be material information; however, this testimony was directly presented at trial. A.I. testified at trial that, at the November 6, 2008 interview, he initially did not want to come forward as a witness or identify appellant. He stated, "I basically told [law enforcement] that I didn't really know who did it, that he had his face—hand on his face and all that." The suppression of this statement does not undermine confidence in the outcome of appellant's trial because it was, in fact, presented at trial. Neither fact that appellant identifies is material.

Appellant is entitled to a postconviction hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1. Appellant has made no factual assertions sufficient to create a "reasonable probability" that had the withheld evidence been disclosed, the outcome of trial would have changed. Although appellant's claim of prosecutorial misconduct may fit an exception to the *Knaffla* rule, the claim fails on the merits, and it was not an abuse of discretion to deny the claim. The district court did not abuse its discretion by rejecting each of appellant's theories supporting his claim of prosecutorial misconduct.

10

**Motion to compel**

The district court also denied appellant's motion to compel disclosure of A.I.'s pretrial statements. Appellant's claim requesting production of the evidence of A.I.'s statements has previously been raised and denied by this court. This court denied appellant's request to compel these statements in *Abdillahi III*, both in a March 11, 2015 order and the opinion affirming denial of the petition for postconviction relief. *Abdillahi III*, No. A14-1795, 2015 WL 4877721, at \*6. This issue is *Knaffla*-barred, and the district court did not abuse its discretion by denying the motion.

**Affirmed.**