*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1184**

Akpene Yaa Asempa, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 13, 2024**
**Affirmed**
**Wheelock, Judge**

Ramsey County District Court
File No. 62-CR-18-7904

Akpene Yaa Asempa, Vadnais Heights, Minnesota (pro se appellant)

Keith Ellison, Attorney General, Toni Lee, Assistant Attorney General, St. Paul, Minnesota
(for respondent)

　　　Considered and decided by Wheelock, Presiding Judge; Schmidt, Judge; and Kirk,

Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**NONPRECEDENTIAL OPINION**

**WHEELOCK**, Judge

In this appeal from a district court's denial of her petition for postconviction relief, appellant contends that the district court erred by dismissing her petition as *Knaffla*[1] barred. Because the petition failed to satisfy any of the *Knaffla* exceptions, we affirm.

**FACTS**

Appellant Akpene Yaa Asempa pleaded guilty to theft by swindle in violation of Minn. Stat. § 609.52, subd. (2)(a)(3)(iii) (2014). The district court took the plea under advisement and deferred acceptance until sentencing. Before sentencing, Asempa moved to withdraw her plea, and the district court denied her motion. The district court convicted Asempa of theft by swindle, stayed imposition of her sentence, and placed her on probation for three years. Asempa directly appealed, arguing that she received ineffective assistance of counsel with her presentence plea-withdrawal motion and that the district court should have allowed her to withdraw her plea. We affirmed Asempa's conviction. *State v. Asempa*, No. A21-1569, 2022 WL 2297303 (Minn. App. June 27, 2022), *rev. denied* (Minn. Sept. 28, 2022).

Asempa then petitioned the district court for postconviction relief, arguing that (1) the district court's denial of her presentence motion to withdraw her guilty plea violated her Sixth Amendment rights and, (2) by taking her plea under advisement pending receipt of the presentence investigation, the district court violated her constitutional rights, Minn.

---

[1] *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976).

Stat. § 609.095(b) (2022), and Minn. R. Evid. 404(b). After a nonevidentiary hearing, the district court denied Asempa's postconviction petition, concluding that it was procedurally barred under *Knaffla*.

Asempa appeals the denial of her postconviction petition.

**DECISION**

Asempa challenges the district court's conclusion that her postconviction petition is procedurally barred under *Knaffla*. Defendants bear the burden in a postconviction proceeding to establish "by a fair preponderance of the evidence facts that warrant reopening the case." *Perry v. State*, 731 N.W.2d 143, 146 (2007) (citing Minn. Stat. § 590.04, subd. 3 (2006)). On appeal from the denial of a postconviction petition, an appellate court's review "is limited to whether there is sufficient evidence to sustain the findings of a postconviction court." *Id.* This court will not disturb a postconviction court's decision to deny relief unless it abused its discretion. *See id.* The postconviction court did not abuse its discretion here.

Asempa has had one direct appeal of her conviction. *Asempa*, 2022 WL 2297303, at *1. "[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 243 N.W.2d at 741. There are two limited exceptions to the *Knaffla* rule—cases "(1) where a novel legal issue is presented; or (2) where the interests of fairness require relief." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). "The petitioner has the burden of demonstrating that the exception to the *Knaffla* rule applies." *Gilbert v. State*,

3

2 N.W.3d 483, 489 (Minn. 2024). Asempa failed to meet that burden as to either exception in her postconviction petition.

With respect to the novel-legal-issue exception, Asempa contends that the district court "erroneously believed that only when there is a change in law that the *Knaffla* rule's exceptions in a post-conviction would apply." The Minnesota Supreme Court has explained that the novel-legal-issue exception to *Knaffla* applies only when the claim is "so novel that its legal basis was not reasonably available to petitioner at the time the direct appeal was taken." *Powers*, 695 N.W.2d at 374. In other words, the legal basis for the claim must not have existed at the time of direct appeal. That is not the case here.

In her postconviction petition, Asempa argued first that the district court violated her Sixth Amendment rights when it denied her plea-withdrawal request and second that the district court violated her Sixth Amendment rights, Minn. Stat. § 609.095(b), and Minn. R. Evid. 404(b) when it took her plea under advisement pending the completion of the presentence investigation. Each of these sources of law existed long before Asempa's 2022 direct appeal. *See* U.S. Const. amend VI (ratified in 1791); 1998 Minn. Laws ch. 367, art. 6, § 1, at 726 (codifying in 1998 a near-identical version of Minn. Stat. § 609.095 (2022)); Minn. R. Evid. 404(b) (effective since 1977). Because the legal bases were available at the time of Asempa's direct appeal, the district court did not abuse its discretion by concluding that the novel-legal-issue exception to *Knaffla* did not apply.

Asempa briefly argues that her petition should have been reviewed under the interests-of-justice exception to the *Knaffla* rule. For the interests-of-justice exception to apply, "the petitioner must not have deliberately and inexcusably failed to raise the issue

4

on direct appeal." *Powers*, 695 N.W.2d at 374 (quotation omitted).  Asempa failed to meet her burden to show that she did not deliberately and inexcusably fail in her 2022 direct appeal to raise the issues presented in her postconviction petition.  *See Gilbert*, 2 N.W.3d at 489 (stating it is appellant's burden to prove a *Knaffla* exception applies).  In her petition for postconviction relief, Asempa stated only that attorneys—the prosecutor at the plea hearing and her counsel on appeal—failed to raise the arguments to the district court and on direct appeal.  Asempa did not explain why the prosecutor was required to raise Asempa's arguments, nor did she claim to have received ineffective assistance of appellate counsel.  We therefore conclude that Asempa failed to establish that the interests-of-justice exception applies, and thus, the district court did not abuse its discretion by denying her petition for postconviction relief.

**Affirmed.**